HAWTHORNE, Justice
 

 (dissenting).
 

 I am of the opinion that the trial judge was correct in refusing to charge that a verdict of guilty of negligent injuring was responsive to a charge of aggravated battery.
 

 The law of this state in regard to responsive verdicts, generally, is set out in Articles 405 and 406 of the Code of Criminal Procedure, thus:
 

 “405. The verdict must be responsive to the indictment, that is to say, no one can be found guilty of an offense not charged' in the indictment or not
 
 necessarily included,
 
 in the offense charged; *
 
 *
 

 “406. When the crime charged
 
 includes
 
 another of lesser grade, a- verdict of guilty
 
 *165
 
 of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lessor a misdemeanor.” (Italics mine.)
 

 When these articles are applied to the instant case, it is clear in my opinion that the offense of negligent injuring must
 
 necessarily be included
 
 in the offense of aggravated battery for a verdict of guilty of negligent injuring to be responsive to a charge of aggravated battery. An excellent discussion of the proper method for determining whether one offense is included in another is found in State v. Woolman, 84 Utah 23, 33 P.2d 640, 645, 93 A.L.R. 723, wherein it is said:
 

 “ * * * The only way this matter may be determined is by discovering all of the elements required by the respective sections [of two statutes denouncing the crimes there under consideration], comparing them and by a process of inclusion and exclusion, determine those common and those not common, and, if the greater offense includes all the legal and factual elements, it may safely be said that the greater includes the lesser; if, however, the lesser offense requires the inclusion of some necessary element or elements in order to cover the completed offense, not so included in the greater offense, then it may be safely said that the lesser is not necessarily included in the greater * * *.
 

 “The statute [similar to our codal provisions hereinabove quoted] allows conviction for any lesser offense
 
 necessarily included
 
 in the offense charged in the indictment or information, but does not allow conviction of any lesser offense stated in the indictment unless it is
 
 necessarily included
 
 in the greater offense. The lesser offense must be a necessary element of the greater offense and must of necessity be embraced within the legal definition of the greater offense and be a part thereof.”
 

 Applying the provisions of our Criminal Code and the principles enunciated by the Woolman case to the instant case, I find no difficulty in determining that the greater offense (aggravated battery) does not include all the legal and factual elements of the lesser (negligent injuring), for the lesser offense requires the inclusion of some necessary element not included in the greater offense, in order to cover the completed offense; therefore the lesser offense is not included in the greater. For instance, one of the necessary elements of negligent injuring is
 
 criminal negligence.
 
 This element is not included in aggravated battery. Actually, criminal negligence
 
 cannot be
 
 an element of aggravated battery for intent is the requisite element of that crime. Since the element of criminal negligence is not
 
 necessarily included
 
 in the offense charged, under the plain terms of Article 405 of the Code of Criminal Procedure a verdict of guilty of negligent injuring cannot be responsive to a charge of aggravated battery.
 

 
 *167
 
 For an analogy to the instant case the majority opinion cites State v. Stanford, 204 La. 439, 15 So.2d 817, where it was held that in a prosecution for manslaughter a verdict of guilty of negligent homicide was a responsive verdict. As I interpret that decision, this court based its conclusion on the fact that the Legislature had treated the crimes of murder, manslaughter, and negligent homicide as kindred and generic, arid it was of the opinion, therefore, that the Legislature by its action had made the crime of negligent homicide responsive to a charge of manslaughter. See Act 147 of 1942, Section 1, amending Article 386 of the Code of Criminal Procedure. That case is not authority for the decision here, for there is
 
 no
 
 legislative intent to treat the crimes in the instant case as kindred and generic, and this court should decide the issue, therefore, by applying the general principles, enunciated herein, for determining
 
 included offenses.
 

 I respectfully dissent.