15 So.2d 817

## STATE v. STANFORD.
### No. 37191.

Nov. 8, 1943.

H. Purvis Carmouche, of Crowley, for defendant and appellant.

Eugene Stanley, Atty. Gen., and Niels F. Hertz, Sp. Asst. Atty. Gen., N. S. Hoffpauir, Dist. Atty., of La Fayette, and Ed. Meaux, Asst. Dist. Atty., of Crowley, for the State, plaintiff and appellee.

HIGGINS, Justice.

The accused was charged in an indictment with the crime of manslaughter. The

jury of twelve members, before whom he was tried, returned a verdict of "Guilty of Negligent Homicide". The judge sentenced him to serve a term of three years in the State Penitentiary. He has appealed and relies upon two bills of exceptions reserved to the ruling of the trial judge and both of them present the identical issue, that is, whether or not under the law where a defendant is charged with the offense of manslaughter a verdict of "guilty of negligent homicide" is responsive.

In making his opening statement before the members of the jury and, subsequently, in arguing the case before them, the district attorney and his assistants stated that the jury could return one of three verdicts: "Guilty as charged; Guilty of negligent homicide; and Not guilty." The defendant's attorney promptly objected on the ground that there was no law authorizing the jury to return a verdict of "Negligent homicide" under an indictment for manslaughter. The objections were overruled and counsel for the defendant reserved bills of exceptions.

The above issue requires an interpretation of the provisions of Articles 5, 29, 30, 31 and 32 of the Louisiana Criminal Code (Act No. 43 of 1942) and Article 386 of the Code of Criminal Procedure, as amended by Act No. 147 of 1942, reading, respectively, as follows:

"Art. 5. An offender who commits an offense which includes all the elements of other lesser offenses, may be prosecuted for and convicted of either the greater offense or one of the lesser and included offenses. In such case, where the offender is prosecuted for the greater offense, he may be convicted of any one of the lesser and included offenses.

"Art. 29. Homicide is the killing of a human being by the act, procurement or culpable omission of another. Criminal homicide is of three grades:

"(1) Murder

"(2) Manslaughter

"(3) Negligent homicide.

"No liability for criminal homicide shall attach unless the injured party dies within a year after the injury is inflicted.

"Art. 30. Murder is the killing of a human being,

"(1) When the offender has a specific intent to kill or to inflict great bodily harm; or

"(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, burglary in the nighttime, burglary in the daytime, aggravated kidnapping, aggravated rape, armed robbery, or simple robbery, even though he has no intent to kill.

"Whoever commits the crime of murder shall be punished by death.

"Art. 31. Manslaughter is:

"(1) A homicide which would be murder under subdivision (1) of Article 30 (murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and

cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or

"(2) A homicide committed, without any intent to cause death or great bodily harm,

"(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30, or of any intentional misdemeanor directly affecting the person; or

"(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under subdivision (1) of Article 30.

"Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.

"Art. 32. Negligent Homicide is the killing of a human being by criminal negligence.

"The violation of a statute or ordinance shall be considered only as presumptive evidence of such negligence.

"Whoever commits the crime of negligent homicide shall be imprisoned, with or without hard labor, for not more than five years."

"Art. 386. Whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment, and in all

trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide."

The defendant's attorney argues that the offense of negligent homicide does not include all of the elements of the crime of manslaughter because the former must be committed without intent to take the life of another, whereas, in the latter, there must be intent to cause death or great bodily harm, or intent to engage in the perpetration or attempted perpetration of a felony not enumerated in Article 30, above quoted, or engaging in an intentional misdemeanor directly affecting the person of another, or where the offender is resisting lawful arrest by any means or manner not inherently dangerous. Consequently, it is said that the crime of manslaughter and the offense of negligent homicide are not generic and all of the elements of them are not kindred and, therefore, a verdict of negligent homicide is not a responsive verdict to a charge of manslaughter.

■ Title II of the Louisiana Criminal Code covers "Offenses against the person". Chapter 1 thereof, commencing with Article 29 through Article 32, deals with "Homicide". Murder, manslaughter, and negligent homicide are each classified as homicides but are of different magnitudes or grades. All of them are identical in that the offense consists of the killing of a human being by another. The only difference between them is the degree of intent, as will appear from a reading of the above quoted and pertinent articles. So, where a homicide is committed, the grade of the offense depends upon the intent of the de-

fendant in committing the act which directly or indirectly caused or resulted in the victim's death.

It will be noted that Article 5 of the Louisiana Criminal Code is a general one dealing with the subject where greater offenses include lesser ones and it recognizes the right of the State to prosecute for and convict of either the greater crime or one of the lesser offenses included in the greater. Article 386 of the Code of Criminal Procedure, as amended, specifically deals with indictments which set out offenses including other crimes of less magnitude or grade and it is expressly stated therein that "in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter or negligent homicide." This language and the fact that murder, manslaughter and negligent homicide are treated together in Chapter 1 of Title II of the Louisiana Criminal Code show that the Legislature considered that negligent homicide was an offense of less magnitude or grade than murder or manslaughter and included in the latter two as a lesser offense.

Counsel for the defendant argues that the provisions of Article 386 of the Code of Criminal Procedure, as amended, are not applicable to the instant case because this was not a trial for murder but manslaughter and as we are dealing with criminal law, there must be a strict construction placed upon the provisions in question against the State and in favor of the accused.

The basis of the contention is that all of the elements of manslaughter are not included in the crime of negligent homicide, and, therefore, the two are not kindred or generic. From a reading of the above quoted Articles of the Criminal Code, it is obvious that there is more difference between the elements of the crime of murder and negligent homicide than there is between manslaughter and negligent homicide. Yet, the Legislature has stated that in all trials for murder it is the mandatory duty of the judge to instruct the jury that they may find the accused guilty of either manslaughter or negligent homicide. Clearly, it was the intention of the members of the Legislature to require the judge where the accused is charged with manslaughter to instruct the members of the jury that they might find the accused guilty of negligent homicide. Therefore, a verdict of guilty of the lesser offense is responsive to the charge of manslaughter.

Although the constitutionality of Article 386 of the Code of Criminal Procedure, as amended, was not attacked by the defendant, it is argued that if the court were to hold that on a manslaughter charge the accused could be found guilty of negligent homicide, he would not be informed of the nature of the accusation against him, and this would be contrary to the provisions of Article I, Section 10 of the Constitution of Louisiana of 1921, providing in part that "in all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him."

It is said that manslaughter is the wilfull and intentional killing of another, whereas negligent homicide is the unintentional and accidental killing of another

through carelessness and, therefore, the two crimes are repugnant to or the very antithesis of each other.

 The above quoted provision of the Constitution guarantees the defendant in a criminal prosecution that he shall be informed of the nature of the charge against him. The defendant knew that he was charged with the crime of manslaughter and that the Legislature had authorized the judge even in murder cases to instruct the jury that they might return a verdict of negligent homicide and, consequently, the defendant knew, since he was charged with manslaughter, that the court was also authorized to instruct the jury that they might return such a verdict. Counsel for the defendant has not referred us to any authority holding that where the jury returned a verdict of a lesser offense included in a greater one that such a verdict would be null and void, in violation of Article I of Section 10 of the Constitution of 1921. The Legislature, in the above quoted Articles of the Louisiana Criminal Code and the Code of Criminal Procedure, has treated the homicides of murder, manslaughter and negligent homicide as kindred and generic and has informed the accused that if he is charged with either of the two greater offenses, then the judge shall instruct the jury that they may bring in a verdict for the lesser offense.

 With reference to the fact that the defendant was tried before a jury of twelve members and not five, we observe that the number of jurors to try a case is determined by the gravity or nature of the crime charged and not by the verdict returned of a lesser offense. State v. Ritchie,

172 La. 942, 136 So. 11; State v. Desselles, 150 La. 494, 90 So. 773; and State v. Flattmann, 172 La. 620, 135 So. 3.

For the reasons assigned, the verdict of the jury and the sentence of the court are affirmed.