269 So.2d 460 (1972)
263 La. 837
STATE of Louisiana
v.
Leroy GREEN.
No. 52557.
Supreme Court of Louisiana.
November 6, 1972.
*461 D'Amico, Curet & Bush, Bryan E. Bush, Jr., Percy, Macmurdo, Gray & Eaton, Edward W. Gray, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Donald L. Beckner, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Appellant Leroy Green was charged by bill of information with armed robbery. Trial began on January 27, 1971 and continued until February 8, 1971 at which time Green, with consent of counsel, the district attorney and the court, entered a plea of guilty to "attempted armed robbery." The plea was entered without amending the bill of information or filing a new indictment. After a presentence investigation, Green was sentenced to confinement in the penitentiary for forty years, with credit for time served.
Thereafter counsel for Green filed a motion to withdraw the guilty plea, a motion in arrest of judgment and a motion for a new trial. All three motions were based upon the proposition that a guilty plea of "attempted armed robbery" had been entered to a charge of "armed robbery", and, therefore, the plea was not responsive to the charge. The motions were overruled, and a bill of exceptions was reserved incorporating all three motions and *462 rulings. Appellant then filed application for a writ of habeas corpus, based upon the identical contentions previously advanced by the motions. After hearing, the application for habeas was denied. A bill was reserved to this ruling. On the basis of these two bills, this appeal followed.
Appellant argues that a plea of guilty cannot be accepted unless it is responsive to the crime charged. To support this argument counsel refers to Article 814 of the Code of Criminal Procedure listing the only responsive verdicts which may be entered where the indictment charges "armed robbery"; they are, "guilty" "guilty of simple robbery" and "not guilty". It is urged that since the jury is limited to these statutory, responsive verdicts, a verdict of "guilty of attempted armed robbery", not being included, could not be rendered by a jury to a charge of "armed robbery". On the same principle, likening a guilty plea to a "verdict", appellant contends, a guilty plea to "attempted armed robbery" cannot be entered to a charge of "armed robbery".
In reply, the State relies upon Article 487(B) of the Code of Criminal Procedure as amended. It reads:
Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
This amendment to Article 487(B) was enacted in 1970, effective after appellant's arrest and indictment, but before his trial. To give the amendment retroactive effect, it is argued, would violate the constitutional prohibition against ex post facto application of laws. La.Const. art. 4 § 15. And the argument proceeds, if the court should find that applying the quoted amendment here does not violate the ex post facto clause of the Constitution, and a new indictment need not be filed before a guilty plea to "attempted armed robbery" can be entered to a charge of "armed robbery", Article 487(B) should, at the very least, be construed to require an amendment to the pending indictment in order that the guilty plea would be responsive. Otherwise, appellant contends, a party accused could plead guilty to a crime entirely different from that charged. Under these circumstances, it is said, the constitutional requirement that "the accused shall be informed of the nature and cause of the accusation against him" could not be satisfied. La.Const. art. 1 § 10.
An "attempt", by the terms of Article 27 of the Criminal Code, "is a separate but lesser grade of the intended crime. . . ." And Article 558 of the Code of Criminal Procedure permits the defendant, with the consent of the district attorney, to "plead guilty of a lesser offense that is included in the offense charged in the indictment."
This latter article contemplates, in general, that the lesser included offense must be of the same generic class and must not require proof of any element which is not found in the major crime charged. Its mandate satisfies the constitutional requirement that the accused be informed of the nature and cause of the accusation against him. La.Const. art. 1 § 10.
Viewed in this light the article dispels the apprehension expressed that a guilty plea of attempt to commit a specific crime would permit a plea to an unrelated crime for which no charge exists. Clearly, in this instance, the plea of "guilty of attempted armed robbery", a lesser offense, is of the same generic class as the crime of armed robbery, for, to sustain a conviction of attempted armed robbery, no proof is required of any element which is not found in the crime of armed robbery.
*463 Recently, in State v. Cooley, 260 La. 768, 773, 257 So.2d 400, 402 (1972), we observed:
Today, under our peculiar set of statutes, a person can plead guilty to the crime of attempted murder under an indictment for murder, provided such is agreeable to the district attorney, (C.Cr. P. art. 487(B)), even though attempted murder is not a responsive verdict to murder under C.Cr.P. art. 814. Prior to the enactment of C.Cr.P. art. 487 (as amended), one could still plead guilty to the lesser offense of attempt under R.S. 14:27 although not a responsive verdict. . . .
Prior to the enactment of Article 814 of the Code of Criminal Procedure, Section 386 of Title 15 of the Revised Statutes required that the judge charge the jury on the law applicable to all offenses of which an accused could be found guilty under an indictment setting out an offense, including other offenses of less magnitude. A number of our decisions recognized that a court or jury had jurisdiction to convict a defendant of a less serious crime than that charged, if all elements of the lesser crime were essentially included in the definition of the crime charged. State v. Desselles, 150 La. 494, 90 So. 773 (1922); State v. Comeaux, 142 La. 651, 77 So. 489 (1918); State v. Matthews, 111 La. 962, 36 So. 48 (1903); State v. Jacques, 45 La. Ann. 1451, 14 So. 213 (1893).
Article 814, by enumerating permissible responsive verdicts, removed the uncertainty theretofore involved in determining those offenses of less magnitude which were included within the offense charged. By setting out the permissible responsive verdicts, the article greatly simplified the preparation and scope of the charge. At the same time the result was that the accused could more definitely determine in advance the verdicts which could result from any given charge. State v. Stanford, 204 La. 439, 15 So.2d 817 (1943).
The limitation imposed by Article 814 on verdicts which may be rendered as responsive to stated charges is applicable to verdicts rendered upon the trial of a cause as distinguished from pleas of guilty knowingly and voluntarily entered by an accused. The limitations on verdicts which may be applicable to a trial are not entirely pertinent to a guilty plea. In the latter instance the accused actively and voluntarily participates in a determination of the plea to be entered.
Articles 487(B) and 558 of the Code of Criminal Procedure are in keeping with the established rationale that a guilty plea of a lesser offense is a responsive verdict. By its language Section 487(B) is broad and permissive.
Generally, no limitation is imposed on the guilty pleas which may be entered to a pending charge, except the requirement that the plea be to a lesser offense, and that the lesser included offense be of the same generic class, not requiring proof of any element not found in the major crime charged. Article 558 repeats the principle that defendant "may plead guilty of a lesser offense that is included in the offense charged". When these requirements are satisfied, the accused is informed of the nature and cause of the accusation.
Article 487(B) serves only to clarify and give statutory dignity to a principle existing in our law prior to 1970. Hence its application does not violate the ex post facto clause of the constitution.
The conviction and sentence are affirmed.
BARHAM, J., dissents and assigns reasons.
BARHAM, Justice (dissenting).
The majority opinion has held, relying upon and repeating the dictum of State v. Cooley, 260 La. 768, 257 So.2d 400, that Subsection (B) of Article 487 of the Code of Criminal Procedure, added by amendment in 1970 (Act. No. 679, Sec. 1), has *464 no meaning whatever. The holding of the majority is: "Article 487(B) serves only to clarify and give statutory dignity to a principle existing in our law prior to 1970. Hence its application does not violate the ex post facto clause of the constitution."
First, as interpreted by the majority, this amendment merely provides a change in procedure, is not a substantive change in the penal law, and if applied in the present case, would not be ex post facto. Although this defendant committed the offense for which he was indicted before the 1970 amendment to Article 487, his trial began in January, 1971, and the guilty plea of which he complains was entered thereafter. The procedural provision could apply to the trial and plea proceedings although the offense was committed before the procedural guideline, and the contention of application of an ex post facto law is without merit.
Second, I do not interpret the intendment of the provision in question to be that which the majority has found. That provision reads:
"B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime non-responsive to the Original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered." (Emphasis supplied.)
The majority has found that this provision permits only a plea of guilty to a lesser offense that is included in the offense charged in the original indictment. The majority's concise finding is that the "attempted armed robbery" plea here was a lesser included offense and a "responsive verdict". Yet the express language of the statute clearly shows that the provision intends to permit "nonresponsive" pleas. I cannot make the express language of the provision coincide with the interpretation given to it by the majority. I am of the opinion that the Legislature meant exactly what is saidthat is, to permit with approval of the district attorney nonresponsive pleas to the original indictment. As I interpret the provision, the amendment of the "original indictment" will suffice without the State's being "required to file a new indictment to charge the crime to which the plea is offered". This being so, the question of the constitutional validity of the provision immediately would arise under Article I, Sections 9 and 10, when an accused pleads to an entirely new and distinct crime. However, without approaching the constitutional problem and assuming for the purpose of this dissent the constitutionality of the provision, I am of the opinion that Code of Criminal Procedure Article 558 is modified by Article 814, which states that the only responsive verdicts to a charge of armed robbery are guilty, guilty of simple robbery, and not guilty. Attempted armed robbery, which was the plea here, is non-responsive to an indictment for armed robbery.
A plea of guilty and a verdict of guilty are both convictions. They are convictions of equal dignity. State v. Brand, 238 La. 811, 116 So.2d 676. A responsive plea and a responsive verdict to an indictment should have the same meaning under our Code. Without an indictment (or at least an amended indictment) to which attempted armed robbery would be responsive, the plea of guilty here cannot stand.
I consider the majority's interpretation of the intention and effect of Subsection (B) of Article 487 to be dispositive of a serious legal problem. Much litigation may be avoided if the district attorneys and the courts below adhere to this restrictive interpretation of the power attempted to be delegated by that provision. However, I must respectfully dissent, believing the legislative intent to be considerably broader.