377 So.2d 79 (1979)
STATE of Louisiana
v.
Sylvester MEAD.
No. 64371.
Supreme Court of Louisiana.
November 12, 1979.
*80 Donald R. Minor, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Dale G. Cox, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Sylvester Mead was charged by bill of information with armed robbery, a violation of R.S. 14:64. He was tried before a jury, was found guilty as charged, and was sentenced to five years at hard labor. He now appeals on the basis of five assignments of error, three of which are argued.
During the trial the state adduced the following facts: On November 2, 1978 Michael Chambers parked his parents' car in the parking lot at the State Fair Stadium in Shreveport, leaving his wallet inside the vehicle under the driver's seat. When Chambers returned to the vehicle, he was approached by two individuals, one of whom Chambers recognized as the defendant with whom he had attended elementary school. Defendant ordered Chambers to give him the keys to the car. When Chambers failed to comply, defendant produced a pistol and pointed it at him. Defendant then took the keys and drove off in the car. The vehicle was found abandoned four days later, but the wallet was never recovered. After calling the Shreveport Police Department to determine if he was wanted, defendant *81 surrendered to police custody on November 8, 1978. At trial defense counsel admitted that defendant had taken the vehicle but argued that his client had not intended to permanently deprive the victim of the vehicle and that defendant was therefore guilty only of unauthorized use of a movable and, perhaps, an aggravated assault. We have reviewed defendant's assignments of error and finding that none has merit, we affirm his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
In this assignment defendant urges error in the trial court's ruling which allowed a state witness to testify as to subjects which defendant contends bolstered that witness' credibility and character. Defendant claims such testimony should have been excluded because no attempt at impeachment of that witness had occurred.
The testimony to which defendant objected occurred during the initial questioning of the victim, Michael Chambers, on direct examination. The prosecutor asked several questions as to Chambers' current employment and school attendance. Chambers responded that he worked in the lumber department of a cabinet and supply company and that after graduation he planned to work rather than attend college. Chambers then testified that he is the son of Mr. and Mrs. George Washington and that Mr. Washington is his step-father. Defendant asserts that the above examination was in contravention of R.S. 15:484[1] which provides that testimony which establishes the credibility of a witness is inadmissible until the credibility of that witness has been attacked.
Defendant relies on State v. Batiste, 363 So.2d 639 (La.1978), on original hearing,[2] which held that it was improper for the state's first witness, an assistant United States Attorney, to testify concerning the credibility of the state's next witness, a narcotics informant, prior to the impeachment of that witness by the defense. In that case the testimony was clearly intended to bolster the credibility of the state's key, and succeeding, witness.[3]
In the present case the state maintains that the questions were not designed to bolster the witness' credibility but were preliminary in nature, posed only to accommodate the youthful witness to the courtroom environment. The state contends that these questions could not possible have created prejudice to the defendant and that under State v. Passman, 345 So.2d 874 (La. 1977) the trial court's allowing this line of questioning, if error, was harmless:
In Passman this Court found that corroboration of an eighty year old man's testimony concerning his eyesight was improper but that the error was harmless:
"Nevertheless, defendant has not alleged or shown how he was prejudiced by the judge's ruling. Furthermore, the error did not constitute a substantial violation of a constitutional or statutory right, or result in a probable miscarriage of justice." La.C.Cr.P. art. 921.
We find that the testimony objected to in this case was not corroborative, nor was it directly pertinent to credibility. R.S. 15:484. Although a witness' credibility may indirectly be supported by questioning about his general background, this type of testimony is not the type contemplated, and proscribed by, R.S. 15:484. The judge and jury are entitled to know basic background information concerning witnesses. And even if we assume that this type of testimony is proscribed by R.S. 15:484, there could be little or no prejudice here. State v. *82 Batiste, supra, on which the defendant relies, wherein an assistant United States Attorney testified about the truthfulness of the state's key witness, is not analogous.

ASSIGNMENT OF ERROR NO. 3
By this assignment defendant contends that the trial court erred in refusing to give a requested special charge to the jury relative to the unauthorized use of movables. At trial defendant argued that the vehicle was taken without the intent to permanently deprive the owner of its possession. Thus he reasoned that the jury should have been charged with the law of R.S. 14:68[4] and the purpose for that statute as outlined in the "Reporter's Comments" to R.S. 14:68.[5]
Because unauthorized use of movables is not a lesser included offense to the charge of armed robbery under La.C.Cr.P. art. 814, Article 803 which provides that the court shall charge the jury as to the law applicable to each lesser offense does not require instruction as to that offense. However, this Court has recognized that if requested by the defendant the trial court is required to charge the jury as to the law applicable to any theory of defense which a jury could reasonably infer from the evidence. State v. Marse, 365 So.2d 1319 (La. 1978). Under provisions of La.C.Cr.P. art. 802 the trial court "shall charge the jury as to the law applicable to the case." This provision has been interpreted to require the trial judge to charge as to each and every phase of the case arguably supported by the evidence, whether believed by the judge or not. State v. Miller, 338 So.2d 678 (La.1976); State v. Lentz, 306 So.2d 683 (La.1975). Additionally, it is recognized that a requested special charge must be given by the trial court when no qualification, limitation or explanation is required and when the charge is wholly correct and pertinent; however, the charge need not be given if it is included in the general charge. La.C.Cr.P. art. 807; State v. Williams, 346 So.2d 181 (La.1977).
In the present case defendant argued that because he lacked the intent to permanently deprive the owner of the vehicle (as evidenced by its abandonment a few days later within one-half mile of the owner's residence), an essential element of the crime of theft was not present and that the defendant therefore had not committed an armed robbery.[6] Defendant contends that because there was evidence to support his contention that his crime was only an unauthorized use of a movable (coupled, perhaps, with aggravated assault), he was entitled to the requested jury instruction.
The state contends that because the requested jury charge would have required explanation and qualification it need not have been given by the court. It points out that the victim's wallet was also taken in the stolen vehicle and was never recovered (although some of its contents were found near defendant's residence). The state *83 urges that in view of this fact the special charge would have required the judge to comment on the evidence in order to explain that the unauthorized use charge would apply to the vehicle but not the wallet.
In Marse, supra, this Court held that a special charge regarding negligent homicide was proper in a murder trial even though negligent homicide is not a responsive verdict to murder. Although some evidence of negligent homicide was in the record, this Court found that the failure to give the requested charge did not constitute reversible error because the jury had sufficient information to understand that if the defendant was only guilty of negligent homicide it should return a verdict of not guilty to the charged crime of murder.
Just as in Marse, the jury in the instant case had sufficient information without the special jury charge to understand that if defendant was only guilty of unauthorized use of a movable it should return a verdict of not guilty to armed robbery. Here, during the general charge to the jury, the court gave instructions regarding the elements of specific intent required during armed robbery and the possible responsive verdicts. Defense counsel during closing argument fully explained the crime of unauthorized use and told the jurors that a verdict of not guilty was required if the defendant was guilty only of unauthorized use. Defense counsel throughout trial strenuously argued that his client was guilty only of unauthorized use of a movable. Even more significantly however, the district attorney, in argument, did not take issue with defense counsel's explanation of the crime of unauthorized use. Rather he alluded in argument to unauthorized use, and made the thrust of his argument that there had not been a taking without the intent to permanently deprive, but just the reverse. The jury in this case had more than enough information to understand that if the defendant was guilty only of unauthorized use (and aggravated assault), it should return a verdict of not guilty of armed robbery. This assignment is without merit.

ASSIGNMENT OF ERROR NO. 4
Defense counsel objected to the order of the listing of the responsive verdicts submitted to the jury. The verdicts were in the order in which they appear in La.C. Cr.P. art. 814, subd. A, § 19.[7] Defendant argues that the trial court should have properly listed attempted armed robbery above simple robbery since it is a less serious offense. He notes that all other responsive verdicts under Article 814 place the greater offense above the lesser. He reasons that this inverted order is the result of a legislative error and may have misled the jury as to the seriousness of the responsive verdicts it could have returned.
In State v. Varice, 292 So.2d 703 (La. 1974), this Court determined that there was no error in a listing of responsive verdicts where the verdicts were not in descending order as relates to the gravity of punishment.[8] There the Court considering the propriety of the listing of the responsive verdicts observed:
"... we must assume that the jury was composed of twelve intelligent men. These jurors withstood voir dire examination and were accepted by both the State and the defendant. The list of responsive verdicts is clear and understandable to a reasonably intelligent person. Also, the State in closing argument advised the jury that, if they did not understand any particular aspect of the proceedings, the court would further advise them. No *84 such request for additional instructions was made. ..."
Even more significantly, however, the trial judge in this case was simply following the provisions of Article 814 in listing the responsive verdicts to armed robbery. During his charge to the jury, the judge explained all of the crimes for which a responsive verdict may be rendered and informed the jury as to the law relative to the lesser and included offenses. After all these instructions, the jury returned a unanimous verdict of guilty (of armed robbery). We can find no prejudice to the defendant in this case from the arrangement of the responsive verdicts. Therefore this assignment lacks merit.

Decree
For the foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.
DIXON, J., concurs with reasons.
PAUL B. LANDRY, C. J., Retired, is sitting by Assignment as Associate Justice Ad Hoc in place of TATE, J. upon this case.
DIXON, Justice (concurring).
I respectfully concur, not agreeing with the treatment of Assignment of Error No. 3. If the requested charge were applicable, it should have been given. If the charge covers a lesser included offense (distinguished from a "responsive" offense) as defined in State v. Green, 263 La. 837, 269 So.2d 460 (1972), and as referred to in C.Cr.P. 558, it should be given. Defendant's contention that he did not intend to keep the car is not sufficient, however, because of the stolen wallet.
NOTES
[1] Louisiana Revised Statute 15:484 provides as follows:

"Before a witness has been sworn he can be neither corroborated nor impeached, nor is testimony to establish the credibility of a witness admissible until that credibility has been attacked."
[2] Although the Court held that the testimony was improper in that case, defendant's failure to timely object was held to have waived the error.
[3] See State v. Rogers, et al., 375 So.2d 1304 (La.1979), where a witness' testimony as to his own truthfulness did not warrant reversal.
[4] Louisiana Revised Statute 14:68 provides:

"Unauthorized use of movables is the intentional taking or use of any movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
Whoever commits the crime of unauthorized use of movables shall be fined not more than one hundred dollars, or imprisoned for not more than six months, or both."
[5] The Reporter's Comment which defendant requested be read is as follows:

"This section is intended to cover mainly the unauthorized use of automobiles, an offense denounced by the Louisiana statute, cited supra, this comment. However, the unauthorized use of any movable, including such objects as vehicles generally, farm implements, livestock, etc., is included within the section."
[6] Louisiana Revised Statute 14:64 provides that an armed robbery is "the theft of anything of value from the person of another or which is in the immediate control of another, by the use of force or intimidation, while armed with a dangerous weapon." By the incorporation of "theft" into the definition of armed robbery, the intent to permanently deprive the owner of the property becomes an essential element of that crime also.
[7] Louisiana Code of Criminal Procedure article 814 lists the responsive verdicts to armed robbery as follows:

"19. Armed Robbery:
Guilty.
Guilty of simply robbery.
Guilty of attempted armed robbery.
Not guilty."
[8] The verdicts were listed as follows: 1) guilty, 2) guilty without capital punishment, 3) guilty without capital punishment without benefit of parole, probation or commutation or suspension of sentence. The jurors chose verdict three.