PER CURIAM.
Defendant, Aaron Kirkendoll, was charged by grand jury indictment with aggravated rape in violation of LSA-R.S. 14:42(A)(4) and he entered a plea of not guilty. Later, the defendant and state struck a plea arrangement, whereby the state agreed to allow the defendant to plead guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to indecent behavior with juveniles in violation of LSA-R.S. *556 14:81. Defendant was sentenced to five years at hard labor. Defendant appealed assigning only excessiveness of sentence as error. In accordance with LSA-C.Cr.P. Art. 920(2), this court has noted an error patent on the face of the record which requires us to now reverse the defendant’s conviction and sentence and remand for further proceedings.
La. Const. Art. 1, § 13 requires in all criminal prosecutions that the accused be informed of the nature and cause of the accusation against him. The accused cannot plead guilty to a crime with which he is not charged and the trial court is without authority to accept such a plea. State v. Stevens, 452 So.2d 289 (La.App. 2d Cir. 1984). However, the defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the indictment. LSA-C.Cr.P. Art. 558.
LSA-C.Cr.P. Art. 814(A)(8) provides that the responsive verdicts to aggravated rape are: guilty, guilty of attempted aggravated rape, guilty of forcible rape, guilty of attempted forcible rape, guilty of sexual battery, guilty of simple rape, guilty of attempted simple rape and not guilty. Guilty of indecent behavior with juveniles is not a responsive verdict to a charge of aggravated rape. Furthermore, to satisfy the constitutional mandate that the accused be informed of the nature and cause of the accusation, the defendant must plead to a lesser included offense, an offense of the same generic class as the charged offense. To be considered a lesser included offense, the lesser offense must not require proof of any element which is not found in the crime charged. Evidence which supports a conviction of the charged greater offense must necessarily support a conviction of the lesser included offense. State v. Green, 263 La. 837, 269 So.2d 460 (1972); State v. Dufore, 424 So.2d 256 (La.1982).
A conviction for the crime of aggravated rape does not necessarily support a conviction of indecent behavior with juveniles. Indecent behavior with juveniles requires that the state prove an intention to arouse or gratify the sexual desires of either person. LSA-R.S. 14:81. Aggravated rape does not require such proof and therefore indecent behavior with juveniles is not a lesser included offense of aggravated rape. See State v. Schenck, 513 So.2d 1159 (La. 1987), where the court held that indecent behavior with juveniles is not a lesser included offense to the crime of sexual battery, which latter crime is a subset of and responsive to a charge of rape.
Nevertheless, the defendant may enter a plea to a crime non-responsive to the original indictment where the plea is acceptable to the district attorney. LSA-C.Cr.P. Art. 487(B). If such a plea is acceptable to the district attorney, the district attorney need not file a new indictment, but must amend the original indictment in writing. State v. Cook, 372 So.2d 1202 (La.1979); State v. Green, supra; State v. Gooden, 523 So.2d 283 (La.App. 2d Cir.1988) writ denied 530 So.2d 570 (La.1988); State v. Breaux, 504 So.2d 1011 (La.App. 1st Cir.1987); State v. Price, 461 So.2d 503 (La.App. 3d Cir.1984). The instant indictment was never amended in writing.
Finding that the charge to which defendant pled guilty is non-responsive to the original indictment and that the indictment was never amended in writing, we conclude that there is error patent on the face of the record. The defendant’s conviction and sentence are reversed and set aside and the case is remanded for further proceedings not inconsistent with this opinion.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED.
SEXTON, J., concurs.