916 So.2d 1015 (2005)
STATE of Louisiana
v.
Curtis JACKSON.
No. 2004-K-2863.
Supreme Court of Louisiana.
November 29, 2005.
Charles C. Foti, Jr., Attorney General, Jerry L. Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, for applicant.
Peggy J. Sullivan, Monroe, for respondent.
KIMBALL, Justice.
We granted certiorari to consider whether a trial judge lacks jurisdiction to accept a defendant's informed and voluntary guilty plea to a crime that is not responsive to the crime charged in the bill of information when the district attorney has not filed a written amendment to the bill and to consider whether the trial judge's acceptance of such a plea is therefore an error patent that requires reversal of the conviction on appeal. Finding that these circumstances present no jurisdictional defect, we reverse the decision of the court of appeal, reinstate defendant's *1016 conviction and sentence, and remand for consideration of defendant's appeal.

Facts and Procedural History
This case requires the interpretation of Louisiana Code of Criminal Procedure article 487(B) and examination of our decision in State v. Cook, 372 So.2d 1202 (La. 1979). The only facts of relevance, presented in greater detail below, are that the defendant knowingly and voluntarily pled guilty to aggravated assault upon a peace officer with a firearm after being charged by bill of information with attempted first degree murder of a peace officer, that the crime defendant pled guilty to is not responsive to the crime with which he was billed, and the bill was never amended by the district attorney to conform to the plea agreement. Finding that the trial judge was without authority to accept defendant's guilty plea under these circumstances, the court of appeal, applying the ruling of this court in Cook, reversed the conviction. State v. Jackson, 39,296 (La. App. 2 Cir. 11/5/04) (unpublished opinion).
On December 19, 2001, defendant Curtis Jackson was charged by bill of information in the Fourth Judicial District Court, Parish of Ouachita, with three counts of attempted first degree murder of a peace officer in violation of La. R.S. 14:27, 30; one count of possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1; one count of aggravated flight from a peace officer in violation of La. R.S. 14:108.1(C); and with possession of cocaine with intent to distribute in violation of La. R.S. 40:967. On February 9, 2004, the bill was amended to dismiss the charge of possession of a firearm. In his brief, the district attorney concedes the bill was not subsequently amended.
On February 10, 2004, defendant pled guilty in accordance with a plea agreement to aggravated assault upon a peace officer with a firearm in violation of La. R.S. 14:37.2 and to possession of cocaine in violation of La. R.S. 40:967. The cocaine charge is not at issue here. During an otherwise proper Boykin colloquy, the trial judge incorrectly instructed Mr. Jackson that aggravated assault upon a peace officer with a firearm was a lesser and included offense to the charged crime of attempted first degree murder of a peace officer. However, the State and defendant agree, and the transcript of the Boykin colloquy shows, that the defendant knowingly and voluntarily pled guilty to the crimes.
On July 9, 2004, Mr. Jackson was sentenced to serve ten years in prison at hard labor for the assault and five years in prison at hard labor for the cocaine possession with terms to be served concurrently but with denial of good time. Defendant appealed his sentence as unconstitutionally excessive. The court of appeal conducted a review of the record for errors patent and found that the crime for which defendant was sentenced, aggravated assault of a peace officer with a firearm, was not responsive to the crime for which he had been billed, attempted first degree murder of a peace officer.[1] The court of appeal then ordered the State and defendant to show cause why the guilty plea should not be reversed and the sentence vacated. In their responses to the court of appeal, both the State and defendant argued for the validity of the guilty plea. The court of appeal, however, found that because the guilty plea was not responsive to the charged crime and the district attorney *1017 had failed to file a written amendment to the bill of information, the trial judge was without jurisdiction to accept the plea, citing cases within the second circuit applying the decision of this court in Cook. The State then sought certiorari contending that the circuits are split on the interpretation of State v. Cook and whether a trial judge's acceptance of a nonresponsive guilty plea without the district attorney first amending the indictment to conform to the plea agreement can be considered harmless error, as it might in the first and third circuits, or must be viewed as creating a jurisdictional defect, as it was in the second circuit. State v. Jackson, 05-2788 (La.8/25/05), ___ So.2d ___.

Discussion
The issue presented in this case is whether a court of appeal must, in an errors patent review, reverse a defendant's knowing and voluntary guilty plea over the objections of both the State and the defendant when the crime to which the defendant pled guilty is not responsive to the crime for which he was charged simply because the district attorney failed to file an amendment to the bill of information. This issue has not been previously been addressed by this court, although State v. Cook has been interpreted as establishing the rule that the trial court is entirely without authority to accept such a plea without an amended bill.
In Cook, this court was presented with a defendant who was charged by bill of information with aggravated burglary and simple burglary but pled guilty to aggravated burglary and simple burglary of an inhabited building and the bill of information was not amended. Cook, supra at 1203. The defendant sought reversal of his conviction on appeal noting that the plea of guilty to simple burglary of an inhabited building was not responsive to the charge of simple burglary and, in fact, the guilty plea was to a crime more serious than that charged. Id. at 1204. This court found that simple burglary of an inhabited building was not a lesser offense included in the charge of simple burglary to which the defendant was authorized to plead by Code of Criminal Procedure article 558 because the crime of simple burglary of an inhabited building must by necessity involve proof that the building was inhabited and the crime of simple burglary would not in every case require proof of such an element. Id.
This court indicated that a defendant was not prohibited by Code of Criminal Procedure article 487 from pleading guilty to a crime that was not responsive to the crime charged if the district attorney amends the bill of information. Id. at 1204-5. Finding that the district attorney had failed to do so, this court invalidated the defendant's guilty plea and reversed his conviction, saying:
In the instant case, defendant's guilty plea to simple burglary of an inhabited dwelling was not a lesser included offense of the crime charged (simple burglary). Moreover, it was a plea of guilty to a crime nonresponsive to the original indictment. The district attorney neither amended nor filed a new information. Hence, the trial judge did not have jurisdiction to accept the guilty plea to this offense. Accordingly, the guilty plea is invalid and must be set aside.
Id. at 1205.
Applying Cook, the second circuit, in State v. Butler, 459 So.2d 52 (La.App. 2 Cir.1984), considered the consequence of a district attorney's failure to amend a bill of information charging defendant with second degree murder following nonresponsive pleas of guilty to criminal damage to property and illegal use of a dangerous instrumentality and found that the trial *1018 court lacked jurisdiction to accept the pleas because the district attorney had not amended the bill:

State v. Cook, supra, emphasizes the effect of the State's failure to amend the original bill as the law requires.
. . .
The State's failure to file the amended bills unfortunately creates an error patent on the face of the record and requires our reversal of the trial court's actions, even though the trial judge was not at fault. The trial court simply was without jurisdiction to accept defendant's guilty pleas to non-existent amended bills of information.
Id. at 52 (citations omitted). Likewise, the third circuit, in State v. Price, 461 So.2d 503 (La.App. 3 Cir.1984), relied on Cook in setting aside a guilty plea of aggravated burglary in response to a charge of attempted second-degree murder because of a "jurisdictional defect." Price, supra at 506.
The concurring judge in Price interpreted Cook as establishing the rule that a bill of information must be amended before a trial judge has authority to accept a nonresponsive guilty plea but suggested that there was no statutory or constitutional support for this principle. Id. at 507 (Domengeaux, J., concurring). The dissenting judge in Price argued further that the district attorney's failure to amend the bill of information when the guilty plea is determined to have been made knowingly and voluntarily was harmless at best:
A reversal of the conviction based on such a complete and sound record on such a minor technicality is a travesty to the criminal justice system. If failure to amend the bill of indictment is deemed error, which I vigorously disagree with, then it is certainly no more than harmless error.
Id. (Knoll, J., dissenting).
Following Price, the circuits were in reluctant agreement that this court in Cook had prohibited the trial courts from accepting nonresponsive guilty pleas without amendment of the bills and that a trial judge's acceptance of such a plea was an absolute nullity that must be reversed as an error patent. State v. Kirkendoll, 559 So.2d 555 (La.App. 2 Cir.1990); State v. Marceaux, 542 So.2d 1121 (La.App. 5 Cir. 1989); State v. Porterfield, 524 So.2d 1363 (La.App. 1 Cir.1988), vacated on rehearing, 541 So.2d 909 (La.App. 1 Cir.1988); State v. Gooden, 523 So.2d 283 (La.App. 2 Cir.1988); State v. Dantoni, 520 So.2d 1270 (La.App. 1 Cir.1988); State v. Breaux, 504 So.2d 1011 (La.App. 1 Cir. 1987); and State v. Johnson, 499 So.2d 244 (La.App. 2 Cir.1986). The first circuit found an alternative, however, and the circuits diverged, in State v. Barclay, 90-0456 (La.App. 1 Cir. 11/22/91), 591 So.2d 1178, writ denied, 91-2918 (La.4/3/92), 595 So.2d 653.
In Barclay, the defendant pled guilty to conspiracy to commit aggravated rape following his indictment by grand jury for aggravated rape. Id. at 1179. The court of appeal used this court's discussion of harmless error in State v. James, 305 So.2d 514 (La.1974), to find the failure to amend the indictment harmless under the following circumstances:
However, we are convinced that where as in the case sub judice the defendant enters a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, the defendant is fully aware of the charge to which he has pleaded as shown by extensive Boykinization, and the plea is not prejudicial to the defendant, any error caused by a failure to *1019 formally amend the indictment is harmless.
Barclay, supra at 1182 (emphasis added). The dissenting judges contended that the court of appeal was attempting to overrule this court's decision in Cook. Barclay, supra at 1184 (Shortess, Lanier, and Savoie, JJ., dissenting).
After Barclay, the authority of a trial judge to accept a guilty plea when the district attorney has not amended the bill of information to conform to the intended plea differed between the circuits. In the second circuit, Cook was routinely cited for the proposition that the failure to amend the bill created a jurisdictional defect that was necessarily fatal to the prosecution. State v. Blake, 38,894 (La.App. 2 Cir. 9/22/04), 882 So.2d 1187; State v. Rachal, 38,665 (La.App. 2 Cir. 8/18/04), 880 So.2d 206; State v. Roark, 38,248 (La.App. 2 Cir. 4/7/04), 870 So.2d 528; State v. Rivers, 28,565 (La.App. 2 Cir. 9/25/96), 681 So.2d 39. In the third circuit, however, beginning with State v. Rito, 96-1444 (La.App. 3 Cir. 10/8/97), 700 So.2d 1169, the Price decision, and in particular the Price dissent, was cited for the proposition that it was "well-settled" that no amendment of the bill was necessary. Rito, supra, at p. 3, 1170. Instead, beginning with Rito, the third circuit considered the text from Barclay, excerpted above, to establish a harmless error test. Rito, supra at p. 3, 1171. In Rito, and thereafter in the third circuit, Cook was routinely distinguished because the nonresponsive guilty plea in Cook was to a crime more serious and subject to more severe a sentence than the crime for which the defendant was originally billed. Rito, supra, at p. 4, 1171; See also State v. Charles, 02-0043 (La.App. 3 Cir. 10/2/02) 827 So.2d 553, writ denied, 02-2707 (La.3/28/03), 840 So.2d 569; State v. Richard, 99-1078 (La.App. 3 Cir. 12/27/00), 779 So.2d 927. The first and third circuits' approach was adopted by the fifth in State v. Narcisse, 01-49 (La.App. 5 Cir. 6/27/01), 791 So.2d 149, writ denied, 01-2231 (La.6/14/02), 817 So.2d 1152.
To resolve the circuit split and decide the instant case, the initial question to be answered is whether the absence of an amended bill of information does in fact create a jurisdictional defect when the intended guilty plea is not responsive to that charged in the original bill. If a trial judge lacks jurisdiction to accept such a guilty plea, then the court of appeal was correct in reversing the action of the trial judge on the basis of this error patent and the other circuits have erred in holding harmless a lack of jurisdiction under similar circumstances. It has long been established that lack of jurisdiction is a defect fatal to a criminal prosecution:
And, so far as nullity resulting from absence of jurisdiction is concerned, why that is a matter which in the words of this court in the case of Decuir v. Decuir, 105 La. [481,] 485, 29 South. [932,] 934 [(1901)], `may be invoked by any one at any time and anywhere.'
State v. Nicolosi, 128 La. 836, 55 So. 475, 478 (1910).
In finding that there was a jurisdictional defect in the instant and similar cases, the court of appeal has relied on the following brief statement by this court in Cook: "The district attorney neither amended the information nor filed a new information. Hence, the trial judge did not have jurisdiction to accept the guilty plea to this offense." Cook, supra at 1205 (emphasis added). This statement in Cook has been interpreted as establishing the rule that when a defendant pleads guilty to a nonresponsive charge and the district attorney has not amended the bill of information to conform to the plea agreement, then the trial judge lacks authority to accept the plea. This broad rule has been *1020 criticized as overly technical, supported by neither statute nor constitutional requirement, and contrary to the intent of the defendant in pleading guilty. See Breaux, supra at 1012; Price, supra at 506-7 (Domengeaux, J., concurring); Gooden, supra at 288 (Sexton, J., dissenting).
It is not clear, however, that this statement in Cook was intended to establish the rule that a trial court is divested of jurisdiction by a district attorney's failure to amend the bill of information to conform to the plea agreement whenever the intended guilty plea is not responsive to the billed charge. Rather, this court in Cook likely considered the bill defective in failing to sufficiently inform the defendant of the nature of the crime to which he ultimately pled guilty under the circumstances of that case, which included the accused's plea of a guilty to a more serious crime, so that it could not be considered to have validly instituted prosecution. However, Cook has been regarded as establishing exactly such a rule and to that it extent it must be clarified.
Under our constitution, a person accused of a crime has a right to be fully informed of the nature of the accusation against him. La. Const. art. I, § 13. Our legislature has endeavored to protect that right in part through the enactment of Title XIII of our Code of Criminal Procedure governing indictment and information. This Title guarantees that prosecution will be instituted by "plain, concise, and definite written statement of the essential facts constituting the offense charged." La.C.Cr. P. art. 464. This court has described the guarantee that prosecution be properly instituted by indictment and information as "one of the principal cornerstones of our Bill of Rights" and noted that this requirement "has been included in all eight constitutions that have formed the organic law of this state. . . ." State v. Straughan, 229 La. 1036, 87 So.2d 523, 529 (1956).
In stating briefly in Cook that the trial court was without jurisdiction, this court likely had in mind the principle that prosecution must be validly instituted in a way that provides the accused with a sufficient understanding of the nature of the accusation so that he might properly defend himself, see, e.g., State v. Germain, 433 So.2d 110, 117 (La.1983), expressed at greater length in Straughan:
There is no principle of procedural due process in criminal cases more clearly established than that the specific charge, and the chance to be heard in a trial on the issues as raised in the specific charge to be found in the indictment or information, if desired, are among the constitutional rights of every accused in all courts. An intelligent and full understanding by the accused of the charge against him is the first requisite of due process. Without prosecution on the indictment or information, our judicial tribunals are powerless to proceed, for these documents form the very foundation of their jurisdiction.
Straughan, supra at 536. There is no concern in the instant case that prosecution was not validly instituted by bill of information that provided the accused with an intelligent and full understanding of the charges against him. Defendant was charged with attempted murder and being a felon in possession of a firearm after shooting through the window of an occupied police vehicle. These charges adequately informed him of the nature of the underlying crime to which he plead guilty: assault of a peace officer with a firearm. In Cook, however, it appears that such an understanding was absent, particularly in light of the defendant's guilty plea against his own self interest to a more serious crime. The jurisdictional language of *1021 Cook notwithstanding, we do not believe that this decision was intended to create a broad rule that vitiates guilty pleas that are voluntarily and intelligently made.
A person accused of a crime has the benefit of constitutional protections that include the requirement that a bill of information satisfy the following test, summarized by this court in State v. Meunier, 354 So.2d 535, 538 (La.1978):
A statute or bill of information meets the constitutional test that it must inform the accused of the nature and cause of the accusation him if the bill of information or indictment contains all of the essential elements of the crime intended to be charged in sufficient particularity 1) to enable the defendant to prepare for trial, 2) to allow the court to determine the propriety of the evidence which is submitted upon the trial in order that it may impose the correct punishment upon a verdict of guilty, and 3) to afford protection from subsequent prosecutions for the same offense.
The bill of information that instituted the prosecution now before us satisfied these requirements. Prosecution was properly commenced by valid bill of information that informed the accused of the nature of the charges against him and therefore jurisdiction was proper. We cannot now rule on the sufficiency of the bill in Cook but it seems likely, particularly in light of defendant's guilty plea to a more serious crime, that the bill was defective. The question remaining is what should be the response of a court of appeal when a district attorney neglects to amend a bill of information to conform to a plea agreement under circumstances like those present in this case. Rather than recourse to Cook as it has been applied too broadly, the question can be better answered by considering whether constitutional protection or statute mandates amendment of the bill in the context of a plea agreement and, if amendment is not required, how can a defendant's rights be best protected when a defendant wishes to plead guilty to a nonresponsive crime.
Assuming a prosecution is validly instituted as discussed above, a defendant who pleads guilty receives the constitutional protections enacted in Code of Criminal Procedure Title XVI, governing arraignment and pleas, and appellate courts will scrutinize the transcript of the Boykin colloquy to ensure that the plea was made intelligently and voluntarily in accordance with the constitutional standards pronounced by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See also State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85, 89 (1971). Defendant in the instant case pled guilty while maintaining his innocence in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and the record contains a transcript of the hearing in which this plea was accepted that shows defendant was properly made aware of the rights he was waiving and that his plea was intelligently and voluntarily made. Cf. State v. Halsell, 403 So.2d 688, 689 (La.1981). Moreover, defendant has defended his plea on appeal and in argument before this court. The failure of the district attorney to amend the bill to conform to the plea agreement under these circumstances cannot be considered to render the plea unintelligent or involuntary. A defendant would not be better protected, and in fact his rights may be prejudiced, if this court were to hold that constitutional requirements have not been satisfied every time a district attorney fails to amend a bill of information to conform to a plea agreement.
Two statutory provisions refer to the obligations of a district attorney regarding *1022 the bill of information when a defendant opts to plead guilty to an offense other than that charged in the bill: Code of Criminal Procedure articles 487(B) and 558. Article 558 authorizes a defendant, with the consent of the district attorney, to plead guilty to a lesser included offense. See also State v. Green, 263 La. 837, 269 So.2d 460 (1972). Aggravated assault with a firearm is not a lesser included offense included in the charge of attempted first degree murder.[2] Article 487(B) has been interpreted as authorizing a defendant to plead guilty, with the consent of the district attorney, to a crime that is not responsive to that charged in the bill because it states that a defendant is not prohibited from doing so. See Cook, supra at 1204-5 ("The aforesaid provision does not prohibit a defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney."). Cook, however, has also been applied as a ruling by this court interpreting article 487(B) as imposing on the district attorney the obligation of amending the bill to conform to the plea: "In such a case, the district attorney need only amend the indictment; he is not required to file a new indictment to charge the crime to which the plea is offered." Id. at 1205. That interpretation, however, does not appear to be justified by the language of the article.
Code of Criminal Procedure article 487(B) governing the amendment of defective indictments provides:
Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
The article states that when a defendant wishes to plead guilty to a crime not responsive to that charged in the indictment and the district attorney agrees, then nothing contained in the article prohibits the defendant from making such a plea and the district attorney is not required to file a new indictment. The article does not indicate whether the bill can, should, or must be amended. We cannot infer a positive intent from this silence on the part of the legislature to impose an obligation to amend the bill, particularly an obligation that divests the trial courts of jurisdiction when it is not satisfied and that defeats the wishes and best interests of the defendant in making the plea.
Article 487(B) indicates that after trial begins, a bill may not be substantively amended. This court has held such substantive amendments prohibited after trial to include an amendment that would charge the accused with a more serious crime and subject him to a greater penalty. State v. Dent, 189 La. 159, 179 So. 67, 69 (1938). Similarly, the defendant in Cook pled guilty to a more serious crime with a greater penalty, while the defendant in the instant case was permitted to plead guilty to a much less serious crime and reduce his sentencing exposure from 167 years to ten. It is on that basis that Cook has been typically distinguished to find harmless a district attorney's failure to amend the bill. In the instant case we have interpreted Cook more narrowly and specifically disavowed its jurisdictional language. Therefore, the circuits are no longer obliged to note this failure when it occurs as an error patent. This decision *1023 does not, however, alter the fundamental requirement that prosecution be properly instituted by bill of information that informs the accused of the nature of the accusations against him nor does it alter the requirement that a defendant's guilty plea be voluntarily and intelligently made. A nonresponsive guilty plea made without an amended bill might raise the concern that a defendant did not understand the nature of the charges against him. But such a fact is at best one of the totality of circumstances to consider while evaluating the Boykin colloquy. Cf. State v. Robicheaux, 412 So.2d 1313, 1322 (La.1982) (Lemmon, J., dissenting) ("When an appellate court reviews a guilty plea for constitutional validity, the determination depends on the totality of circumstances in each individual case and not on any three-right articulation or other magic word formula."). It should not invalidate the plea automatically, as in this case, over the strong objections of defendant and to his obvious detriment.
For the foregoing reasons, we find that a trial judge is not without jurisdiction to accept a defendant's knowing and voluntary guilty plea simply because the plea is not responsive to that charged in the bill of information and the district attorney has not amended the bill to conform to the plea. The court of appeal's judgment vacating defendant's guilty pleas and remanding the case to the district court for further proceedings is reversed. The trial court's conviction and sentence are reinstated. The matter is remanded to the court of appeal for consideration of defendant's appeal, which was pretermitted by the court of appeal's finding of a reversible error patent.
REVERSED AND REMANDED.
NOTES
[1] Louisiana Code of Criminal Procedure article 814(A)(2) lists the following as responsive verdicts to a charge of attempted first degree murder: guilty, guilty of attempted second degree murder, guilty of attempted manslaughter, guilty of aggravated battery, and not guilty.
[2] Aggravated assault with a firearm requires proof of the assault by firearm, which element is not necessarily required in every case of attempted first degree murder. See State v. Porter, 93-1106, p. 5 (La.7/5/94), 639 So.2d 1137, 1140.