NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-220

STATE OF LOUISIANA

VERSUS

ROLANDO ANTHONY MASSINGILL

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 17932-17
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Candyce G. Perret, and Charles G. Fitzgerald, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

Bruce G.Whittaker
Louisiana Appellate Project
1215 Prytania Street, Suite 332
New Orleans, LA   70130
(504) 554-8674
COUNSEL FOR DEFENDANT/APPELLANT:
    Rolando Anthony Massingill

**Stephen C. Dwight**
**District Attorney**
**David S. Pipes**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA   70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PERRET, Judge.**

In this criminal proceeding, counsel for Defendant, Rolando Anthony Massingill, filed a brief alleging there are no non-frivolous issues to be raised on appeal and a motion to withdraw as counsel of record. For the following reasons, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

**FACTS AND PROCEDURAL HISTORY:**

On September 28, 2017, Defendant was charged by grand jury indictment with the second-degree murder of Wayne Keith Reynaud, in violation of La.R.S. 14:30.1. On August 29, 2019, Defendant entered a guilty plea to the amended charge of manslaughter, in violation of La.R.S. 14:31.

The State gave the following factual basis for manslaughter:

> Your Honor, as it relates to the charge of Manslaughter under No. 17932-17, on August the 9th of 2017, Rolando Massingill caused the death of Wayne Keith Reynaud. This took place in Calcasieu Parish.

> Specifically, Mr. Reynaud was killed by being beaten to death by Mr. Rolando Massingill in his home. This all occurred in the confines of Calcasieu Parish as it relates to one count of Manslaughter, Judge. Again, that occurring August the 9th, 2017 or approximately on that date. Mr. Reynaud was found a couple of days later but all of the information we have points to August the 9th of '17 as being the offense date there.

Defendant's written plea agreement stated defense counsel and the State would jointly recommend thirty years at hard labor, consecutive to an unrelated battery of a correctional facility employee to which Defendant was also pleading guilty.

On September 9, 2019, the trial court accepted the joint recommendation of one year on the unrelated battery charge, rejected the recommendation of thirty years

and sentenced Defendant to thirty-five years at hard labor to run consecutively, and ordered that the one-year sentence be served first. Defense counsel entered a general objection to the sentence.

On September 25, 2019, Defendant filed a "Motion to Reconsider Sentence," contending generally that the thirty-five-year sentence for manslaughter was constitutionally excessive "under the circumstances." The trial court denied the motion the same day. Defendant's motion for appeal was also submitted and granted the same day.

Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

***ANDERS* ANALYSIS:**

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an

2

arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983); quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241 (citing *United States v. Pippen*, 115 F.3d 422, 426 (7th Cir.1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Counsel correctly notes that by pleading guilty, Defendant waived all non-jurisdictional defects. *See State v. Myles*, 04-264 (La.App. 3 Cir. 9/29/04), 882 So.2d 1254. Although the record does not include an amended bill charging Defendant with manslaughter, counsel correctly notes that a defendant may plead guilty to a lesser included offense without amendment under La.Code Crim.P. art. 558. Furthermore, this court has previously held:

> A defendant, with the consent of the district attorney, may plead guilty to a lesser offense that is included in the offense charged in the

indictment. La.C.Cr.P. Art. 558. The lesser included offense must be of the same generic class and must not require proof of an element which is not found in the major crime charged. Official Revision Comment to La.C.Cr.P. Art. 558; *State v. Green*, 263 La. 837, 269 So.2d 460 (La.1972). In such instances[,] amendment of the indictment or the filing of a new information charging the lesser included offense is not required.

*State v. Price,* 461 So.2d 503, 505 (La.App. 3 Cir. 1984), *abrogated on other grounds by State v. Jackson,* 04-2863 (La. 11/29/05), 916 So.2d 1015.

Finally, counsel notes that Defendant's plea agreement only included a joint recommendation as to sentencing, there was no agreed upon sentence and the trial court informed Defendant it was not bound to accept the recommendation prior to accepting Defendant's plea. In *State v. Guilbeau*, 10-511 (La.App. 3 Cir. 12/8/10), 52 So.3d 310, *writ denied*, 11-89 (La. 5/20/11), 63 So.3d 973, this court upheld a ten-year hard labor sentence for a defendant who pled guilty with a joint recommendation of five years at hard labor, finding the trial court was not bound to accept the joint recommendation and noting the defendant was expressly informed that he was facing a sentencing range of five-to-thirty years at hard labor prior to his guilty plea. Accordingly, because the thirty-five year sentence Defendant received is within the legal sentencing range for manslaughter and Defendant benefitted from pleading guilty to manslaughter rather than receive a mandatory life sentence for a second degree murder conviction, counsel suggests there "does not appear to be a valid claim of sentence excessiveness." This court agrees with counsel in light of the record in the instant case and the benefit of pleading to a lesser sentence that carries a possibility of parole.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review has revealed no issues that would support an assignment of

4

error on appeal.  Therefore, we affirm Defendant's conviction and sentence and grant

appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED.  MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.