800 So.2d 1032 (2001)
STATE of Louisiana
v.
Morris LEWIS.
No. 01-KA-490.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2001.
*1033 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant D.A., Rebecca J. Becker, Assistant D.A., Joseph A. Aluise, Assistant D.A., William C. Credo, III, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Gerald J. Leydecker, Jr., Covington, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
The sole issue raised in this appeal is whether the trial court violated the terms of defendant's plea agreement by ordering restitution in excess of the agreed upon amount. For the reasons set forth herein, we find it necessary to vacate the restitution order of $19,205.69 and to remand the matter for further proceedings in accordance with this opinion.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Morris Lewis, with theft of merchandise valued at over $500.00 from A-1 Appliance Store, in violation of LSA-R.S. 14:67. At the arraignment, defendant entered a plea of not guilty. However, after negotiating with the state, defendant withdrew *1034 that plea and pled guilty as charged. During the plea proceedings, the trial judge fully advised defendant of his constitutional rights and the ramifications of his guilty plea. In addition, defendant executed a waiver of rights form which set forth in detail the rights which he was waiving. The form, which was signed by defendant, his attorney, and the trial judge, contained the following language:
I understand that my sentence in this case will be 2 years DOC suspended 1 year active probation. $500 fine + court costs + Restitution limited to the amount of the diminished value of the recovered property - Plea accepted under the provisions of C.Cr.P. Article 893. (Emphasis added).
Being satisfied with defendant's understanding of the rights he was waiving, the trial judge accepted defendant's guilty plea and sentenced him, in accordance with the plea agreement, as follows:
I sentence him to two years hard labor, suspended, place him on one year of active probation under these conditions: He will pay a fine of five hundred dollars plus the court costs; additionally, he will pay a one-hundred-dollar commissioner fee. He will pay restitution, but that restitution is limited to the amount of the diminished value of the recovered property. This was evidently agreed to at a pretrial conference. (Emphasis added).
In conjunction with the imposition of sentence, defendant also executed a "Conditions of Probation B Felony" form. This form, which was signed by defendant, his attorney, and the trial judge, stated the following about defendant's obligation to pay restitution:
7. Make reasonable restitution to the aggrieved party for damage or loss, if any, caused by your offense in an amount determined by the court, as follows: Restitution to be in the amount of the diminished value of the recovered property. (Emphasis added).
Defendant's probation officer, on behalf of the Department of Public Safety and Corrections, subsequently filed a rule to set the amount of restitution. At the restitution hearing, the state presented the testimony of Joan Alimia, one of the owners of A-1 Appliance Store, to establish the value of the stolen property.
Ms. Alimia stated that she prepared a list setting forth the items stolen and the value of each item. This document, State Exhibit 1, calculated the total amount of merchandise stolen from the store to be $20,204.69. Ms. Alimia acknowledged that four items were recovered, as listed in State Exhibit 2. However, she testified that only one of those recovered items, a May-tag gas range, was in salvageable condition and able to be sold for $319.00. Of the three remaining items recovered, Ms. Alimia valued the Panasonic telephone at $200; the General Electric telephone at $80; and the Boom Box at $400. Recording this amount as a credit, Ms. Alimia calculated the total loss to be $19,885.69.
Following this testimony, defense counsel argued that, in accord with the plea agreement, the amount of restitution should be the diminished value of the four items recovered. The state deferred to defense counsel as being the only person present at this time who was also present when the state, defendant, and trial judge entered the plea agreement. However, he countered that, although he was not the assistant district attorney who entered into the agreement with defendant, it was his understanding that restitution was to make the victim whole. Thus, he reasoned that "whole" was the amount lost minus what was recovered.
*1035 After considering the testimony and argument of counsel, the trial judge ordered that defendant pay restitution in the amount of $19,205.69. In arriving at this figure, the judge took the total sum of loss, which had been estimated by the victim as $20,204.69, and reduced that figure by the sum of $999, which was the aggregate sum at which he valued the four items recovered. In explaining his decision, the trial judge, who was not present at the plea proceedings, stated the following:
Now, let me tell you: and now it's before this Court for a motion to set restitution amount, and I can only read this one way. Obviously, the agreement was going to be that the defendant would get credit for items that were recovered and sold and that would be reduced from the amount of restitution he would be-that he would be required to make. That's the only logical and common sense reason that it would be written this way. I can't imagine the Court would give the defendant the benefit for items that were not recovered or never recovered....
At the conclusion of the proceedings, the trial judge gave the following additional reasons:
Okay. And I understand your position, but I have to attribute common sense and logic to the probation officer and the Court and everyone involved in that. It just doesn't make sense at all that he would even be giventhat restitution would be zero because no property B if no property had been recovered. It doesn't make sense. It's obvious to me the intention was that he would be given the benefit of whatever was recovered and resold. And, so, I understand your position and those are the time limits for you filing your notice of appeal and then actually filing the appeal.
The defendant filed a supervisory writ in this court seeking review of the trial court's ruling. A panel of this court denied defendant's writ application on the ground that the amount of restitution was a matter for review on appeal. The case was remanded to the district court for reinstitution of defendant's appeal rights. State v. Lewis, 00-K-1856 (La.App. 5 Cir. 1/9/01).
In the meantime, defendant's probation officer filed a motion to set for hearing for revocation of probation, on the basis that defendant had failed to comply with the restitution provisions of his probation. Following a hearing, the trial judge extended defendant's probation for four years in order to allow him to make monthly restitution payments. Defendant now appeals, alleging as his sole assignment of error that the trial court violated the terms of his plea agreement by the amount of restitution which he ordered defendant to pay.
Plea bargains are to be encouraged and fostered. See State v. Lewis, 539 So.2d 1199 (La.1989). A guilty plea by its nature admits factual guilt and relieves the state of the necessity of proving its case. State v. Bourgeois, 406 So.2d 550 (La.1981).
A plea bargain is a contract between the state and the one accused of a crime. State v. Lewis, 539 So.2d 1199 (La.1989). The validity of any guilty plea depends on the circumstances of the case. State v. Richard, 00-0659 (La.9/29/00), 769 So.2d 1177. It is well settled that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain and that bargain is not kept. State v. Dixon, 449 So.2d 463 (La.1984). Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: *1036 (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea. State v. Bishop, 96-694 (La.App. 5 Cir. 12/30/96), 686 So.2d 1053. A defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. State v. Givens, 99-3518 (La.1/18/01), 776 So.2d 443.
On appeal, defendant argues that the trial court violated the terms of his plea agreement by ordering restitution in excess of the amount of the diminished value of the recovered property. Defendant contends that the trial court wrongly interpreted the plea bargain to mean that restitution was to consist of "all unrecovered items, not simply the diminished value of the recovered items." He argues that such an interpretation negates the intent of the parties' agreement, wherein the limitation on restitution was a strong incentive for the defendant's consent to enter the plea agreement. We find that defendant's argument may possibly have merit.
In the present case, the judge who ultimately imposed the restitution order was not present at the plea proceedings. His interpretation of the plea agreement was inconsistent with what defendant believed the plea bargain to be. It is impossible to determine from the record before us the intent of the parties regarding the restitution provision of the plea bargain agreement.
Accordingly, we vacate the restitution order of $19,205.69. We remand the matter to the trial court with instructions to conduct an evidentiary hearing to determine the intent of the parties to the plea agreement as well as the intent of the trial judge who accepted the plea agreement and sentenced defendant in accordance therewith.
ORDER OF RESTITUTION VACATED; MATTER REMANDED FOR AN EVIDENTIARY HEARING.