U.SOL GOTHARD, Judge.
In this appeal defendant, Ronald Gan-ser, asserts that the trial court imposed an illegal sentence.
In a seven-count bill of information, the Jefferson Parish District Attorney charged the defendant, Ronald Ganser, along with several co-defendants, with one count of racketeering, two counts of possession of cocaine in excess of 400 grams, three counts of possession with intent to distribute cocaine and one count of distribution of cocaine. Although the defendant initially pled not guilty when arraigned, the defendant subsequently pled guilty to the racketeering count, a violation of LSA-R.S. 15:1353. As part of the plea agreement, the defendant was to receive a twenty-year sentence with the Department of Corrections at hard labor with no fíne. Additionally, the plea agreement was subject to six special conditions:
(1) the sentence would be “eoncur-rent/co-terminent” with any federal sentence imposed;
(2) the State would not seek to enhance his sentence;
(3) the defendant would be eligible to earn good time as per the existing law and rules of the Department of Corrections;
|a(4) the defendant would be sentenced by the federal court before being sentenced in the instant case;
(5) the State would dismiss the charges against the defendant’s mother and step-father; and
(6) the State would dismiss all other State charges pending except for the racketeering count.
The trial judge set August 13, 1999 as a sentencing date, provided that the defendant had been sentenced in federal court. However, on August 13, 1999, after being informed that the defendant had moved to continue the federal sentencing, the trial judge denied the defendant’s motion to delay state sentencing and imposed the aforementioned state sentence. Defendant moved for an oral appeal, followed by a written motion for appeal that was granted.
Defendant was sentenced in Federal Court on September 1, 1999 to 95 months in the custody of the Bureau of Prisons to be served concurrently with the defendant’s state sentence. Further, the federal sentence provided that defendant be placed on supervised release for five years when released from imprisonment.
On April 17, 2000, the defendant filed a Motion and Order for Specific Performance of Plea Bargain Agreement, asserting that he should be transferred to federal custody to serve the federal sentence be *1067 fore serving the remainder of the state sentence in concordance with the plea agreement. The State filed an opposition to the motion and a hearing was held on July 20, 2000. After taking the matter under advisement, the trial judge denied the motion on August 17, 2000. This Court denied the defendant’s writ application on November 2, 2000. See, State v. Gamer, 00-KH-1576 (La.App. 5 Cir. 11/2/00).
On January 24, 2001, the defendant filed a Motion for Correction of Illegal Sentence, in which the defendant asserted the State should relinquish custody of him to the federal government so that he could serve his sentence in federal prison. At a hearing on March 15, 2001, the court denied the motion on the basis that it | ¿reiterated the substance of the previously denied motion. Defendant petitioned this Court for supervisory relief and, on May 31, 2001, this Court granted the writ application as follows:
We grant the writ, vacate the sentence as a violation of the plea agreement, and remand the matter for re-sentencing in conformance with the plea agreement. State v. Garner, 01-KH-445 (La.App. 5 Cir. 5/31/01)
The State filed a writ application in the Louisiana Supreme Court, and obtained a stay from the trial court on October 31, 2001, pending a final resolution in the Louisiana Supreme Court. In the motion for the stay, the State asserted that, without a stay, the State of Louisiana would lose custody of the defendant and the defendant would enter a federal facility because this Court had vacated the defendant’s sentence. The Louisiana Supreme Court subsequently denied the State’s application on May 31, 2002. Thus, the ruling of this Court became final.
On September 20, 2002, the trial court re-sentenced the defendant to imprisonment at hard labor in the Department of Corrections for twenty years to run concurrently and co-terminously with the sentence that the defendant received in federal court. Defendant made an oral motion for appeal followed by a written motion for appeal, which was granted.
In brief to this Court, defendant assigns one error, in which he maintains the trial court failed to comply with the appellate court’s order to re-sentence him in accordance with his plea agreement. The defendant asserts that the trial court failed to comply with this Court’s order to sentence him in conformity with the plea agreement, inter alia, because the court failed to re-sentence him pursuant to LSA-C.Cr.P. art. 883.1, and the court faded to “release primary jurisdiction over him so that he can serve his sentence while in federal custody.” The defendant further complains that the trial judge should have signed the order he prepared to | Rthat effect. Finally, the defendant urges this Court to grant the relief requested by signing the proposed judgment.
The State responds that the trial judge’s sentence is in conformity with the plea agreement. According to the State, the sequential sentencing condition of the defendant’s plea agreement was satisfied when the defendant’s first state sentence was vacated and re-imposed subsequent to the federal sentence.
On September 20, 2002, the defendant argued that imposing the state sentence after the federal sentence would have allowed him to serve his sentence in federal custody. Thus, according to the defendant, serving his sentence in federal custody was part of the plea agreement. The State responded that the primary motivation for imposing the state sentence subsequent to the federal sentence was to facilitate concurrent sentences, but had nothing *1068 to do with the defendant serving his sentence in federal custody.
The trial judge acknowledged that the defendant’s position might be “logical,” but said it was an assumption that was not contained in the plea agreement. After considering the plea agreement and some documents submitted by the defendant, the trial court found that the agreement did not contain any reference to the defendant’s serving his sentence in federal custody and re-imposed the state sentence as contained in the plea agreement.
A plea bargain is a contract between the State and the one accused of a crime. State v. Lewis, 539 So.2d 1199, 1204 (La.1989). A guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain and that bargain is not kept. State v. Dixon, 449 So.2d 463, 646 (La.1984). Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea. State v. Lewis, 01-490 (La.App. 5 Cir. 10/30/01), 800 So.2d 1032, 1035 1036. A defendant may demand specific performance of the State’s promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. State v. Givens, 99-3518 (La.1/18/01), 776 So.2d 443, 455; State v. Lewis, supra.
Although the plea agreement was initially violated by having the state sentence imposed before federal sentence, this Court vacated the sentence and remanded for re-sentencing in conformity with the plea agreement. Upon re-sentencing, the sentencing sequence condition was satisfied, since the state sentence imposed on September 20, 2002 was subsequent to the federal sentence imposed on September 1, 1999.
As pointed out by the State, the plea agreement does not contain any provisions that defendant would serve his sentence in federal custody. Further, at the time of acceptance of the plea, defendant was told that if his plea was accepted, his sentence would be twenty years at hard labor with the Department of Corrections. Although defendant asserts that serving his sentence in federal custody is a consequence of imposing the federal sentence before the state sentence, defendant provides no support for this position. Further, the transcript of the April 30, 1999 plea colloquy does not reflect that there were any discussions regarding defendant’s serving his sentence in federal custody. Rather, it seems that the primary focus of the defendant’s attorney was to ensure that the defendant received a state sentence that was concurrent to the federal sentence.
However, given the fact that it is clear from the plea agreement negotiations and the transcript that the sentences were to be served concurrently, we find defendant’s argument that he should have been sentenced in accordance with LSA-C.Cr.P. art. 883.1 persuasive. Article 883.1 provides:
|7Art. 883.1. Sentences concurrent with sentences of other jurisdictions
A. The sentencing court may specify that the sentence imposed be served concurrently with a sentence imposed by a federal court or a court of any other state and that service of the concurrent terms of imprisonment in a federal correctional institution or a correctional institution of another state shall be in satisfaction of the sentence imposed in this state in the manner and to the same extent as if the defendant had been committed to the Louisiana Department of Public Safety and Corrections for the *1069 term of years served in a federal corree-tional institution or a correctional institution of another state. When serving a concurrent sentence in a federal corree-tional institution or a correctional institution of another state, the defendant shall receive credit for time served as allowed under the laws of this state.
B. Whenever sentence is imposed under the provisions of this Article, the court shall order that the defendant be remanded to the custody of the sheriff of the parish in which the conviction was had in the event that the terms of imprisonment to which the defendant is sentenced in the foreign jurisdiction terminates prior to the date on which the sentence imposed in this state is to terminate.
C. In every case where a sentence at hard labor is imposed under the provisions of this Article, the court shall order that a certified copy of the court minutes and court order be forwarded to the Louisiana Department of Corrections. Should the defendant complete his term of imprisonment during his incarceration in the other jurisdiction, the department shall forward a copy of the discharge papers to the sheriff in the parish of conviction and to the appropriate authorities having physical custody of the defendant. (Emphasis added)
Although the plea agreement did not specify that the state sentence was to be served pursuant to this article, Article 883.1 does provide the method of ordering a Louisiana state sentence to be concurrent with a federal sentence. Thus, we find the sentence imposed to be legal and in compliance with the plea agreement. However, we find merit in the second part of defendant’s argument that the sentence was imposed in accordance with article 883.1 and that further proceedings are necessary under that article.
For the foregoing reasons, we affirm the sentence imposed by the trial court and remand the matter to the trial court for entry of such orders and procedures as may be necessary or appropriate to effectuate the sentence in accordance with LSA-C.Cr.P. art. 883.1. See, State v. Camps, 476 So.2d 864, 870 (La.App. 2 Cir.1985), writ denied, 481 So.2d 616 (La.1986), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 658, (1986).

AFFIRMED AND REMANDED.