923 So.2d 794 (2006)
STATE of Louisiana
v.
Glenn H. LEMON.
Nos. 05-KA-567, 05-KA-568.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 2006.
*795 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Juliet Clark, Kia Habisreitinger, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff-Appellee.
Edward G. Partin, II, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and SAM A. LEBLANC, III, Pro Tempore.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On August 3, 2001, the Jefferson Parish District Attorney filed a bill of information charging defendant, Glenn H. Lemon, with aggravated battery in violation of LSA-R.S. 14:34. Defendant was arraigned on August 6, 2001 and pled not guilty.
On June 5, 2002, the Jefferson Parish District Attorney filed a bill of information charging defendant with battery of a police officer while being detained in jail in violation of LSA-R.S. 14:34.2. Defendant was arraigned on June 6, 2002 and pled not guilty.
On May 29, 30, and 31, 2002, the aggravated battery case was tried before a six-person jury which found defendant guilty as charged. On July 22, 2002, the trial court sentenced defendant to imprisonment at hard labor for ten years. Defendant filed a motion for appeal that was granted and a motion to reconsider sentence that was denied.
On November 13, 2002, the state filed a multiple bill in the aggravated battery case alleging defendant to be a second felony offender to which defendant stipulated. The trial court vacated the original sentence and sentenced defendant to imprisonment at hard labor for ten years "without benefits."
On that same date, defendant pled guilty in case number 02-3218 to battery on a police officer requiring medical attention. The trial court sentenced defendant in that *796 case to "five years with the Department of Corrections" to be served consecutively to the multiple offender sentence.
On November 25, 2003, this Court affirmed defendant's conviction in the aggravated battery case.[1] The Louisiana Supreme Court denied defendant's writ application on April 8, 2004.[2] On November 15, 2004, the trial court denied defendant's motion to correct illegal sentence.
Defendant filed a petition for post-conviction relief on November 29, 2004 claiming constitutional error with the habitual offender adjudication and the guilty plea involving the battery upon the police officer. The petition was denied without prejudice by the trial court on December 3, 2004 because defendant failed to use the uniform application for post-conviction relief. On December 17, 2004, defendant filed an application for post-conviction relief petition that was denied on January 6, 2005. Defendant filed another motion to correct illegal sentence on March 7, 2005 that was denied on March 9, 2005.
On March 14, 2005, defendant filed a writ application with this Court which granted the writ to give defendant the opportunity to reinstate his appeal rights.[3] This Court also vacated and set aside the denial of defendant's application for postconviction relief. On April 20, 2005, defendant filed an application for post-conviction relief petition with the trial court. The trial court granted the application, finding that defendant was entitled to an out-of-time appeal. Defendant subsequently filed a motion to consolidate appeals that this Court granted.

FACTS
The facts underlying defendant's aggravated battery offense are contained in this Court's previous unpublished opinion.[4] However, those facts are not relevant to the issues presented by this appeal.
Additionally, because defendant pled guilty to battery of a police officer requiring medical attention, there are no facts in the record other than those found in the bill of information and in the probable cause affidavit.
The bill of information provides that, on February 6, 2002, defendant violated LSA-R.S. 14:34.2 in that he committed a battery upon a police officer, Sgt. David Duplantis, while defendant was being detained in a jail, prison, correctional facility, juvenile institution, temporary holding center, half-way house, or detention facility.
The probable cause affidavit provides as follows:
On Wednesday Feb. 06, 2002 at approximately 1315 hours arrested subject Glenn Lemon refused to lock down in his cell for shift change. The subject became combative and struck Sgt. D.M. Duplantis in the face causing swelling and his glasses to break. Sgt. D.M. Duplantis' glasses are valued at $250.00.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues that his adjudication as a habitual offender deprived him of his due process rights guaranteed by the Fifth Amendment to the United States Constitution and applicable to the State of Louisiana through the Fourteenth Amendment. *797 For the reasons which follow, we agree and find that defendant's adjudication as a habitual offender under La. R.S. 15:529.1 is not constitutionally permissible.
The multiple bill indicates that defendant's sentence was enhanced using his juvenile delinquency adjudication in case number 99-JU-662 of the 24th Judicial District Court. Defendant argues that his habitual offender finding is unconstitutional, because the state used his juvenile adjudication as a predicate offense, and the Louisiana Supreme Court has since held in State v. Brown, 03-2788 (La.7/6/04), 879 So.2d 1276, 1290, cert. denied, 543 U.S. 1177, 125 S.Ct. 1310, 161 L.Ed.2d 161 (2005), that it is unconstitutional to do so, where the juvenile adjudication was obtained without the right to a jury trial.
The state responds that defendant admitted the allegations of the multiple bill, waiving both his right to a hearing and any error with regard to the multiple offender proceeding. It further responds that defendant did not raise this claim in the trial court, nor did he preserve any error by filing a motion to quash or written objections to the bill. Therefore, the state argues that any error has not been preserved for review by this Court.
In his reply brief, defendant responds that the due process rights involved in this case are fundamental constitutional issues that an appellate court will protect on appeal without the issue first being submitted to the trial court for decision.
The record reflects that defendant did not file a written response to the multiple bill, nor did he raise this issue at the multiple bill hearing. Normally, this would preclude the issue from being reviewed on appeal. See, State v. Radacker, 98-434 (La.App. 5 Cir.11/25/98), 722 So.2d 1093, 1097, writ denied, 99-0031 (La.4/30/99), 741 So.2d 11. However, defendant could not have raised this issue in a written response to the multiple bill or at the multiple bill hearing in 2002, because the case he is relying on, State v. Brown, supra, was not decided until 2004. In addition, since the alleged error is of a constitutional nature, the Brown case would have retroactive effect. See State ex rel. LaGarde v. Blackburn, 416 So.2d 917 (La.1982) (per curiam).
Since this issue deals with defendant's due process rights, we choose to review the issue on appeal. State v. Raymo, 419 So.2d 858, 861 (La.1982); see also State v. Bowers, 01-120 (La.App. 5 Cir.7/30/01), 792 So.2d 908, 912.
In State v. Brown, supra, defendant was convicted of an armed robbery that he committed as an adult. The court found defendant to be a second felony offender as a result of his prior juvenile delinquency adjudication and sentenced him to 198 years at hard labor without benefit of parole. The court of appeal affirmed his conviction, but reversed his sentence as constitutionally excessive and remanded the case to the trial court for resentencing. The court of appeal held the prior juvenile adjudication without the right to a jury trial was constitutionally inadequate under the Apprendi[5] exception for purposes of subsequent sentence enhancement. The Louisiana Supreme Court granted the state's application for a writ of certiorari to consider the issue of whether the use of juvenile adjudications to enhance a statutory penalty, where the defendant did not have the right to a jury trial, was constitutionally permissible. State v. Brown, 879 So.2d at 1277-1278.
In considering the issue, the Louisiana Supreme Court discussed Apprendi v. New Jersey, supra, and noted that the *798 United States Supreme Court held in that case that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Brown, 879 So.2d at 1282.
After a lengthy analysis, the Louisiana Supreme Court found that it was unconstitutional to apply LSA-R.S. 15:529.1 for the purpose of allowing juvenile adjudications to be counted as predicate offenses, where these adjudications were obtained without the right to a jury trial, stating:
In our view, the use of such adjudications violates Apprendi's narrow exception, which exempts only "prior convictions" from its general rule that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Although these adjudications can be reliably and constitutionally obtained without the right to a jury trial, this is because the juvenile proceeding is a "civil" proceeding with a focus on rehabilitation and non-criminal treatment of the adjudicated delinquent. "Prior convictions" are excepted from the Apprendi holding because they were the product of proceedings that afforded crucial procedural protectionsparticularly fair notice, the right to jury trial and proof beyond a reasonable doubt. The judgment of the appellate court is affirmed for the reasons expressed herein.
We reverse the sentence as unconstitutional, as it violates the defendant's due process rights. The case is remanded to the trial court for re-sentencing consistent with the views expressed in this opinion.

State v. Brown, 879 So.2d at 1290.
As was stated previously, the multiple bill indicates that defendant's sentence was enhanced using his juvenile delinquency adjudication. The multiple bill also indicates that defendant "pled guilty" on May 25, 2000 to distribution of cocaine in that case. Additionally, defendant testified at trial that he had been "convicted" and "pled guilty" to possession and distribution of cocaine as a juvenile when he was 15-years-old.
In light of State v. Brown, supra, we find that the use of defendant's prior juvenile adjudication as a predicate offense was unconstitutional. Therefore, we vacate the multiple offender finding and sentence, reinstate defendant's original sentence, and remand the matter.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, defendant argues that his guilty pleas to being a multiple offender and to committing the offense of battery on a police officer needing medical attention deprived him of his due process rights.

Multiple Bill
Defendant argues that his guilty plea to being a multiple offender was not intelligently or voluntarily made. He contends that the threat of a 25-year-sentence under the habitual offender law, that has since been held unconstitutional, resulted in the plea being obtained in violation of due process. His argument is basically the same one he made in assignment of error number one.
Defendant does not argue that there were defects in the multiple bill proceedings leading up to his guilty plea, nor is he asserting that a defense existed to the multiple bill. Rather, defendant argues that his guilty plea to the multiple bill is constitutionally defective because of the court's ruling in State v. Brown, supra.
*799 As previously stated, we find that use of defendant's prior juvenile adjudication as a predicate offense was unconstitutional, therefore, we vacate the multiple offender finding and sentence, reinstate defendant's original sentence, and remand the matter.

Battery of a Police Officer
Defendant also argues that his guilty plea to committing the offense of battery on a police officer requiring medical attention was not intelligently or voluntarily made, because he was threatened with a severe unconstitutional habitual offender sentence, the Boykin[6] colloquy lacked a factual basis, and he did not understand the nature of the charge. He states that he had nothing to gain by the plea, noting that he received the maximum sentence for the alleged offense, and that the sentence was consecutive to his habitual offender sentence.
The state responds that defendant knowingly, intelligently, and voluntarily pled guilty to the battery charge in case number 02-3218. The state argues that defendant's contention that the record did not contain evidence establishing that the officer required medical attention was irrelevant, because defendant was charged with and pled guilty to committing a battery of an officer while he was detained in a correctional facility (LSA-R.S. 14:34.2 B(2)). The state claims that the trial court's reference to battery of an officer requiring medical attention (LSA-R.S. 14:34.2 B(3)) during the guilty plea colloquy was a ministerial error, and that the record indicates that the bill was never amended.
A guilty plea is not considered valid unless it is freely and voluntarily made. Under Boykin v. Alabama, supra, the decision to plead guilty will not be considered voluntary unless, at the very least, the defendant has been advised of his privilege against self-incrimination, and his rights to a trial by jury and confrontation. The record must also show that the defendant freely and voluntarily waived those rights. State v. Galliano, 396 So.2d 1288, 1290 (La.1981); State v. Davis, 03-488 (La.App. 5 Cir.11/12/03), 861 So.2d 638, 642-643, writ denied, 03-3401 (La.4/2/04), 869 So.2d 874.
LSA-C.Cr.P. art. 556.1(A)(1), states:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
The test for the validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his lack of awareness of the essential nature of the offense to which he was pleading. State v. Perrilloux, 01-509 (La.App. 5 Cir.11/14/01), 802 So.2d 772, 775.
A validly entered guilty plea, or plea of nolo contendere, waives any right the defendant might have had to question the merits of the state's case and the factual basis underlying the conviction. State v. Bourgeois, 406 So.2d 550 (La. 1981); State v. Lewis, 01-490 (La.App. 5 Cir.10/30/01), 800 So.2d 1032, 1035.
In this case, the district attorney filed a bill of information charging defendant with *800 violating "R.S. 14:34.2 in that he did commit a battery upon a police officer one Sgt. David Duplantis, while the said Glenn H. Lemon was being detained in a jail, prison, correctional facility, juvenile institution, temporary holding center, half-way house, or detention facility." Thus, it appears that the district attorney charged defendant under LSA-R.S. 14:34.2 B(2). However, defendant pled guilty to battery of a police officer requiring medical attention which is a violation of LSA-R.S. 14:34.2 B(3). Although the probable cause affidavit supports the charge of battery of a police officer requiring medical attention, the bill of information was never amended to charge the defendant accordingly.
LSA-R.S. 14:34.2 provides as follows:
§ 34.2. Battery of a police officer
A. (1) Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.
(2) For purposes of this Section, "police officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.
(3) For purposes of this Section, "battery of a police officer" includes the use of force or violence upon the person of the police officer by throwing feces, urine, blood, saliva, or any form of human waste by an offender while the offender is incarcerated by a court of law and is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility.
B. (1) Whoever commits the crime of battery of a police officer shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor more than six months without benefit of suspension of sentence.
(2) If at the time of the commission of the offense the offender is under the jurisdiction and legal custody of the Department of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institution, temporary holding center, halfway house, or detention facility, the offender shall be fined not more than one thousand dollars and imprisoned with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions of any state criminal law.
(3) If the battery produces an injury that requires medical attention, the offender shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not less than one year nor more than five years, or both.
In State v. Corzo, 04-791 (La.App. 5 Cir.2/15/05), 896 So.2d 1101, 1102-1105, defendant pled guilty to a crime with which he was not charged. He was only charged with one count of simple burglary, but he pled guilty and was sentenced on two counts of simple burglary. The bill of information was never amended to charge the defendant with two counts of simple burglary. This Court concluded that defendant's guilty plea to one of the charges for simple burglary was invalid, because the trial court did not have jurisdiction to accept it, and it set aside defendant's entire guilty plea pursuant to the rationale in State v. Cook, 372 So.2d 1202 (La.1979), which it discussed as follows:
In State v. Cook, 372 So.2d 1202 (La.1979), the Louisiana Supreme Court explained that a defendant is not prohibited *801 from entering a guilty plea to a non-responsive crime when such a plea is acceptable to the district attorney, but stated that the district attorney must amend the indictment to charge the non-responsive crime. In Cook, the defendant was charged in a single Bill of Information with aggravated burglary and simple burglary. Pursuant to a plea bargain, the defendant pled guilty to aggravated burglary and simple burglary of an inhabited dwelling.
In an error patent review, the Supreme Court found burglary of an inhabited dwelling was not responsive to or a lesser included offense of simple burglary. The Supreme Court noted that the State did not amend or file a new Bill of Information to charge the non-responsive crime and, as such, held the trial court did not have jurisdiction to accept the defendant's guilty plea. The Supreme Court set aside the defendant's entire plea, after finding that the "invalid guilty plea was part of a plea bargain in which the defendant also pled guilty to aggravated burglary." State v. Cook, 372 So.2d at 1205.

State v. Corzo, 896 So.2d at 1103-1104.
However, in the recent case of State v. Jackson, 04-2863 (La.11/29/05), 916 So.2d 1015, the Louisiana Supreme Court held that the trial court is not without jurisdiction to accept a defendant's knowing and voluntary guilty plea simply because the plea is not responsive to that charged in the bill of information and the district attorney has not amended the bill to conform to the plea. Id. at p. 9, 916 So.2d at 1020. Additionally, the supreme court specifically disavowed the jurisdictional language of Cook. Id. at p. 8, 916 So.2d at 1019. It further stated in pertinent part:
This decision does not, however, alter the fundamental requirement that prosecution be properly instituted by bill of information that informs the accused of the nature of the accusations against him nor does it alter the requirement that a defendant's guilty plea be voluntarily and intelligently made. A nonresponsive guilty plea made without an amended bill might raise the concern that a defendant did not understand the nature of the charges against him. But such a fact is at best one of the totality of circumstances to consider while evaluating the Boykin colloquy. Cf. State v. Robicheaux, 412 So.2d 1313, 1322 (La. 1982) (Lemmon, J., dissenting) ("When an appellate court reviews a guilty plea for constitutional validity, the determination depends on the totality of circumstances in each individual case and not on any three-right articulation or other magic word formula."). It should not invalidate the plea automatically, as in this case, over the strong objections of defendant and to his obvious detriment. State v. Jackson, 04-2863 at p. 8, 916 So.2d at 1019.
In this case, the Boykin colloquy and the waiver of rights form indicate that defendant was advised of his Boykin rights and that he freely and voluntarily waived those rights. The Boykin colloquy also shows that the trial judge advised defendant of the nature of the charges against him and the consequences of a guilty plea, and that defendant indicated he understood them.
During the Boykin colloquy, the trial judge asked defendant whether he wished to plead guilty to the crime of battery on a police officer requiring medical attention in violation of LSA-R.S. 14:34.2, to which defendant responded affirmatively. The trial judge then specifically asked defendant whether he understood the charges pending against him, and defendant said he did. The trial judge also asked defendant whether he wanted him to read the *802 charges or whether he waived the reading, and defendant responded that he wanted to waive the reading.
In light of the foregoing, we find that the trial judge informed the defendant of his rights, and explained the nature of the crime and the consequences of a guilty plea. At no time in the plea colloquy did defendant ask any questions or indicate to the trial court that he did not understand the nature of the charge or any of the elements. Perrilloux, supra. Therefore, a review of the record shows that defendant was adequately aware of the nature of the charge and the consequences of pleading to the charge and his plea of guilty to battery of a police officer requiring medical attention did not deprive him of his due process rights.

ASSIGNMENT OF ERROR NUMBER THREE
Finally, defendant argues that his sentences without benefit of parole are illegal.

Case number 01-4099
Defendant first argues that the trial court erred by imposing his sentence without benefit of parole in case number 01-4099, the multiple bill filed after the aggravated battery conviction. Since we have vacated the multiple offender finding and sentence in case number 01-4099, we find this part of the assignment of error to be moot.

Case number 02-3218
Defendant next argues that the trial court erred by imposing his sentence without benefit of parole in case number 02-3218, battery of a police officer.
The transcript indicates that in case number 02-3218, the trial judge sentenced defendant to five years with the Department of Corrections "without benefits" to be served consecutively to the sentence imposed in case number 01-4099. Defendant was charged with LSA-R.S. 14:34.2 B(2) which provides that the sentence is to be imposed without benefit of parole, probation, or suspension of sentence for not less than one year nor more than five years. However, defendant pled guilty to LSA-R.S. 14:34.2 B(3) which does not prohibit parole, probation, or suspension of sentence.
Therefore, we amend defendant's sentence to provide that defendant shall serve a sentence of five years with the Department of Corrections, to be served consecutively with his original sentence of ten years at hard labor without benefits for his aggravated battery conviction and any other previous sentences.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). We find there are no errors patent.
Accordingly, we vacate defendant's multiple offender finding and sentence, and reinstate defendant's original sentence. We also amend defendant's sentence on the battery of a police officer conviction to provide that defendant serve a sentence of five years with the Department of Corrections, to be served consecutively with all previous sentences.
MULTIPLE OFFENDER FINDING AND SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED AND AMENDED AND MATTER REMANDED.
NOTES
[1] State v. Lemon, 03-KA-828 (La.App. 5 Cir.11/25/03), 860 So.2d 1181 (unpublished opinion).
[2] State v. Lemon, XXXX-XXXX (La.4/8/04), 870 So.2d 270.
[3] State v. Lemon, 05-KH-287 (La.App. 5 Cir.3/14/05) (unpublished writ disposition).
[4] State v. Lemon, 03-828 (La.App. 5 Cir.11/25/03), 860 So.2d 1181.
[5] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[6] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).