ON SUPERVISORY WRITS TO THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON
PER CURIAM:
| denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 Ú.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against, successive filings mandatory. Relator’s claims . have now been fully litigated in accord with La. C,Cr.P, art. 930.6, and this denial is final. Hereafter, unless he can. show that one of the narrow exceptions authorizing the fil *1269 ing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
TWENTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA
NO. 14-6454, 14-6702
DIVISION “P”
STATE OF LOUISIANA VERSUS VINCENT STEWART
FILED: January 5, 2016
M DEPUTY CLERK
ORDER
This matter comes before the court on petitioner’s
LETTER TO COURT: STATUS OF MOTION STYLED LETTER FILED 3-24-15: OR RULING MADE: OR RENDER DECISION. STAMPED AS FILED DECEMBER 9, 2015;
AND LETTER TO COURT: TO SEND THIS COURT’S RULING ON THE 3-24-15 MOTION STYLED LETTER TO DOC, OR TO STEWART, STAMPED AS FILED DECEMBER 17, 2015.
On March 30, 2015, in case # 14-6454, petitioner pled guilty to the amended charge of LSA-R.S. 40:967C, possession of cocaine. The State dismissed count #2, LSA-R.S. 40:966C, possession of marijuana 2nd offense. The court sentenced him in accordance, with his plea agreement to 5 years imprisonment at hard labor, to run concurrently with case # 14:6702 and with parole time.
On March 30, 2015, in case # 14-6702, petitioner pled guilty to count #1, LSA-R.S, 14:102, resisting an officer, and LSA-R.S, 40:966C, possession of marijuana (both misdemeanors). The court sentenced him in accordance with his plea agreement to 6 months in Parish Prison, concurrently, and also concurrently with case # 14-6454 and parole, time.
Petitioner argues that the court never ruled on a letter addressed to the court and written by the defendant on March 24, 2015, and filed in the record on March 26, 2015. There is no record of any ruling in the court record, however, there is nothing in defendant’s letter requiring or requesting action by this court.
The court notes that defendant pled guilty on March 30, 2015. The defendant is now precluded from challenging the merits of the State’s case. A plea of guilty normally waives all non-jurisdietional defects in the proceedings prior to. the plea. State v. Crosby, 338 So.2d 584, 586 (La. 1976). It is well settled that a validly entered guilty plea waives any right a defendant might have had to. question the merits of the state’s case and the factual basis underlying the conviction. State v. Lemon, 923 So.2d 794 (La.App. 5 Cir. 2/14/06). (citing State v. Bourgeois, 406 So.2d 550, 552 (La. 1981); State v. Lewis, 01-490 (La.App. 5 Cir. 10/30/01), 800 So.2d 1032, 1035.)
Under Crosby, a defendant who pleads guilty may appeal adverse rulings if, at the time of the guilty plea, he reserves his right to appeal specific adverse rulings in his- case. However, in this case, no issues are preserved for review. Furthermore, no evidence or facts are presented to the court that might indicate or prove that any such Crosby plea would have been beneficial or would have affected the case upon appeal.
The petitioner pled guilty in negotiated plea agreements. The waiver of rights *1270 forms are in the record; these forms contain no unfulfilled promises but do contain the petitioner’s waiver of his Boykin rights and his agreement that he was satisfied with the way his attorney had handled his case. Furthermore, petitioner had not yet pled guilty on that date that he claims he filed the original letter/motion. The defendant freely chose to plead guilty in both cases, knowing the information included in his letter to the court, and effectively waiving any issues with the State’s case, and also waiving any pending pre-trial motions.
IsThe issues presented in defendant’s present pleadings are similar to those previously addressed in petitioner’s application for post-conviction relief, which the court denied in orders dated May 28, 2015, and June 19, 2015. The court also addressed similar issue(s) in its recent order of December 4, 2015. The court, therefore, finds petitioner’s pleadings successive and repetitive.
Accordingly,
IT IS ORDERED BY THE COURT that the petitioner’s motions and the same are hereby DENIED.
Gretna, Louisiana this 5th day of JAN, 2016.
(É. JUDGE
PLEASE SERVE:
Defendant: Vincent Stewart, DOC # 404508, Richwood Corr. Ins't., 180 Pine Bayou Circle, Richwood, LA 71202