CHAISSON, J.
This is the second appeal of defendant, Akando Ducksworth, and pertains only to the restitution hearing conducted on August 16, 2018. In this appeal, defendant's appointed appellate counsel has filed a brief pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no non-frivolous issues to be raised on appeal and requesting permission to withdraw as attorney of record for defendant. We agree with counsel's assertion, affirm the imposition of restitution, and grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On August 31, 2016, following a jury trial, defendant was found guilty of attempted manslaughter, in violation of La. R.S. 14:27 and 14:31, and on September 6, 2016, was sentenced to twelve years imprisonment at hard labor. Immediately after sentencing, defendant filed a motion for appeal, which the trial court granted that same date.
On January 5, 2017, subsequent to the granting of defendant's appeal motion, the trial court conducted a restitution hearing. At that hearing, the medical bills of the victim, Joshua Hardin, were introduced into evidence, and the parties thereafter stipulated that restitution was owed to the victim in the amount of $ 166,488.76.
On December 13, 2017, on original appeal, this Court affirmed defendant's conviction *544 for attempted manslaughter and his sentence of twelve years imprisonment at hard labor.[1] See State v. Ducksworth , 17-35 (La. App. 5 Cir. 12/13/17), 234 So.3d 225.
On January 9, 2018, defendant filed a pro se motion for a contradictory hearing to correct an illegal sentence, arguing that the trial court did not have jurisdiction to order restitution on January 5, 2017, pursuant to La. C.Cr.P. art. 916, because his appeal was pending at that time. The trial court agreed with defendant's argument, granted his motion, and set the matter for a contradictory hearing and resentencing.
At the August 16, 2018 hearing, the victim, Mr. Hardin, testified regarding the medical expenses he incurred as a result of defendant's actions and introduced into evidence the medical bills related to the treatment he obtained as a result of the offense. After the presentation of the evidence, defense counsel requested the court reconsider the original sentence imposed, asserting that while defendant desired to make restitution payments, he would be unable to do so while incarcerated. The trial court declined to resentence defendant on the original sentence of twelve years, noting that this Court had already upheld that sentence. See State v. Ducksworth , 234 So.3d at 237.
Pursuant to La. C.Cr.P. art. 883.2,[2] the trial court then ordered defendant to pay restitution in the amount of $ 166,488.76 based upon the documents submitted. The trial court also directed the payments begin upon defendant's release from incarceration. Defense counsel objected and thereafter filed a motion for appeal, seeking review of the trial court's denial of resentencing and the order of restitution. The trial court granted defendant's motion for appeal and appointed appellate counsel to represent him.
Thereafter, on September 11, 2018, defendant filed a pro se notice of intent to file for supervisory writs, seeking review of the trial court's August 16, 2018 denial of his motion for a contradictory hearing to correct an illegal sentence. On September 20, 2018, the trial court set a return date of November 5, 2018, for defendant's writ application. Defendant did, in fact, file a writ application with this Court seeking review of the trial court's August 16, 2018 ruling. On October 24, 2018, this Court denied defendant's pro se writ application, finding that defendant had failed to provide the necessary documentation for review as required by Rule 4-5(C) of the Uniform Rules-Courts of Appeal and also noting that defendant's motion for appeal from the August 16, 2018 ruling had been granted.[3] See State v. Ducksworth , 18-516 (La. App. 5 Cir. 10/24/18) (unpublished writ disposition).
After defendant's appeal was lodged in this Court on November 2, 2018, his appointed appellate counsel filed a brief pursuant to Anders v. California , supra , and a motion to withdraw as attorney of record for defendant. On December 6, 2018, the State filed a motion to dismiss the appeal *545 for lack of jurisdiction, contending the denial of defendant's motion to correct illegal sentence is not an appealable judgment. On December 13, 2018, this Court denied the State's motion to dismiss defendant's appeal. It is in this procedural posture that we now review the order of restitution.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[4] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal with regard to restitution. She particularly notes that this Court has already affirmed defendant's conviction and twelve-year sentence, that the matter is presently before this Court only with regard to the imposition of restitution, and that defendant does not contest the amount of restitution ordered. Appointed appellate counsel thereafter requests that this Court conduct a review of the record for errors patent and that this Court allow defendant to either file a pro se brief in this appeal[5] or proceed on his own via a writ application.[6] Accordingly, having filed a brief in compliance with Anders v. California , supra , and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal with respect to the imposition of restitution on defendant.[7] At the restitution hearing conducted on August 16, 2018, the trial court listened to the testimony of the victim, Mr. Hardin, and reviewed the medical expenses he incurred as a result of defendant's criminal actions. Defendant, who was present for the hearing, did not contest the amount of restitution ordered by the trial court as part of his sentence pursuant to La. C.Cr.P. art. 883.2. Accordingly, we agree with appellate counsel's assessment that there are no non-frivolous issues to raise on appeal with regard to restitution.
*546 ERRORS PATENT REVIEW
We have also reviewed the record of the restitution hearing for errors patent.[8] See La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). Our review reveals no errors that require corrective action.
CONCLUSION
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the restitution proceeding and cannot identify any basis for a non-frivolous appeal, and an independent review supports counsel's assertion, we affirm the judgment of the trial court with regard to the imposition of restitution, and we further grant appellate counsel's motion to withdraw as attorney of record for defendant.
AFFIRMED; MOTION TO WITHDRAW GRANTED

This Court, however, remanded the matter for correction of the uniform commitment order to accurately reflect the crime for which defendant was convicted.

La. C.Cr.P. art. 883.2(A) provides: "In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose."

Defendant filed a writ application in the Louisiana Supreme Court seeking review of this Court's October 24, 2018 denial of his writ application. As of this date, there has been no ruling by the Louisiana Supreme Court.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

Defendant was notified of his right to file a pro se brief in this matter. As of this date, defendant has not filed a pro se brief.

In her Anders brief, appellate counsel asserts that this Court does not have appellate jurisdiction over this matter, claiming this case is currently before this Court for review of the denial of defendant's motion to correct an illegal sentence, which is not a final appealable judgment but rather is reviewed by way of a supervisory writ. As previously noted, this Court denied the State's motion to dismiss appeal based on lack of jurisdiction. Further, we note that defendant's pro se motion for a contradictory hearing to correct an illegal sentence was actually granted, and a hearing, limited to the issue of restitution, was conducted. In State v. Peters , 611 So.2d 191, 192 (La. App. 5th Cir. 1992), this Court noted that the setting of the amount of restitution is a judgment that imposes sentence under La. C.Cr.P. art. 912(C)(1) and, therefore, is an appealable judgment. See also State v. Lewis , 01-490 (La. App. 5 Cir. 10/30/01), 800 So.2d 1032, 1035, in which this Court commented that the amount of restitution was a matter for review on appeal.

When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.

Defendant received an errors patent review upon his original appeal. This Court affirmed defendant's conviction and sentence. He is not entitled to a second errors patent review of his underlying conviction and sentence. See State v. Taylor , 01-452 (La. App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied , 01-3326 (La. 1/10/03), 834 So.2d 426.